■ DONALD MEYER, Appellant, v. CITY OF NEW YORK et al., Respondents.— In a negligence action to recover damages for personal injuries, plaintiff appeals from three orders of the Supreme Court, Queens County, all dated January 14, 1971, which respectively denied his three successive motions for leave to amend his bills of particulars. Appeals from orders made on notices of motion dated April 9, 1970 and June 29, 1970 dismissed as academic in view of the result reached herein on the appeal from the third order. Order made on notice of motion dated August 27, 1970 reversed and motion thereon granted, on condition that plaintiff submit to a pretrial physical examination if demanded by respondents. Demand for such physical examination shall be by written notice of not less than 10 days. Appellant is awarded $10 costs and disbursements against respondents jointly, to cover all the appeals. In our opinion, under all the circumstances of this case, the exercise of sound discretion requires that plaintiff be allowed to amend his bills of particulars to include the additional claimed injuries, upon the condition stated herein. Rabin, P. J., Hopkins, Munder, Latham and Shapiro, JJ., concur.

■ CHARLES PILGER, Doing Business as CHARLES PILGER AGENCY, Respondent, v. MICHAEL RAMATI et al., Defendants, and ROBERT MAZON, Appellant.— In an action to recover a brokerage commission and damages for conspiracy to deprive plaintiff of such commission, defendant Mazon appeals, as limited by his brief, from so much of a judgment of the Supreme Court, Suffolk County, entered December 10, 1969 after a nonjury trial, as is against him and in favor of plaintiff. Judgment affirmed, with costs. In our opinion, there was sufficient evidence in the record for the trial court to find that defendant Mazon, the purchaser of a car wash business, had conspired with defendant Ramati to deprive plaintiff, a real estate broker, of his commission for bringing about the sale. The proof establishes that (1) Mazon was introduced to the car wash business by plaintiff, who had been asked by Ramati to obtain a purchaser of the business; (2) Mazon, after making an offer, told plaintiff he was not interested in the business; (3) two or three weeks later Mazon called Ramati directly and their fathers-in-law negotiated a sale at a price which was less than the original figure wanted by Ramati by approximately the amount of the commission; and (4) the contract contained a provision whereby Mazon represented to Ramati that no broker brought about the transaction. This conduct on the part of Mazon permitted a finding of a deliberate purpose to simulate an interruption in the negotiation, to misrepresent plaintiff's interest in the transaction and to profit from the reduction in price due to the removal of plaintiff from the deal (Cohen v. City Bank Farmers Trust Co., 276 App. Div. 195, 199; Katz v. Thompson, 19 Misc 2d 848, affd. 9 A D 2d 951; cf. Hornstein v. Podwitz, 254 N. Y. 443; Keviczky v. Lorber, 290 N. Y. 297). Rabin, P. J., Hopkins, Martuscello, Shapiro and Christ, JJ., concur.