■ In the Matter of VINCENT COSTELLO et al., Appellants, v NEW YORK STATE DEPARTMENT OF TAXATION AND FINANCE, Respondent.—Casey, J. Appeal from a judgment of the Supreme Court at Special Term (Connor, J.), entered August 23, 1985 in Ulster County, which dismissed petitioners' application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent imposing a franchise tax assessment under Tax Law article 9-A.

Respondent seeks to collect from petitioners back taxes of $26,986.93 plus interest from May 2, 1985. Of this amount,

$5,148.49 was assessed for sales taxes and $2,343.23 for the failure to withhold taxes. Petitioners do not contest that part of the judgment of Special Term which directs payment of these amounts. It is the balance of $19,495.21, representing tax liability for corporate franchise taxes for the years 1974 through 1978 inclusive, that is contested on this appeal.

The facts are not disputed. Capri 400, Inc.,* was incorporated April 21, 1969 by petitioner Vincent Costello's mother to conduct a restaurant, resort and motel, and it commenced business on October 1, 1969. Costello's mother was president and sole stockholder of the corporation and held a liquor license for the premises for the period 1975 to 1977. For the fiscal year that ended March 31, 1976, the corporation reported total assets of $603,119 and liabilities of $262,053. Costello signed the State corporation franchise tax return for the year which ended March 31, 1975 as the corporation's vice-president. By agreement dated December 16, 1977, Costello's mother transferred the business with all its assets to Costello. Costello took the business expressly subject to all liens and obligations. The bill of sale recited a consideration of $1. Capri 400, Inc., was dissolved by proclamation of the Secretary of State for failure to pay franchise taxes on March 31, 1982. Thereafter, Capri "400", Inc., was incorporated by Costello, its admitted sole shareholder, on April 21, 1983. Notices and demands for payment of corporation franchise taxes and sales taxes were issued to Capri 400, Inc., not Capri "400", Inc. Warrants for the amounts outstanding were also issued to Capri 400, Inc.

This proceeding was commenced when a final notice, dated May 16, 1985, for seizure of assets within seven days, was issued. Special Term held Capri "400", Inc., subject to franchise tax liability to the extent provided under Tax Law article 27. We agree. Under Tax Law § 1093 (a), the liability at law or in equity of a transferee of property of a taxpayer for any tax due the State Tax Commission under Tax Law articles 27 or 9-A shall be assessed, paid and collected in the same manner and subject to the same provisions and limitations as in the case of the tax to which the liability relates. Pursuant to Tax Law § 1092 (j) (1), each tax imposed under Tax Law article 9-A shall become a lien on the date on which a return is required to be filed. This lien shall bind the real and personal property of the taxpayer or of the transferee liable to

---

* Petitioner Capri "400", Inc., is a different corporation than Capri 400, Inc., having been assigned a different identification number by respondent.

pay the same (Tax Law § 1092 [j] [1]). Capri "400", Inc., possesses the assets of the business that was transferred to Costello by his mother. Those assets are subject to the franchise tax imposed on Capri 400, Inc. Since the salient facts are admitted, the hearing urged by petitioners is not required. Accordingly, the judgment of Special Term should be affirmed.

Judgment affirmed, without costs. Kane, J. P., Main, Casey, Mikoll and Harvey, JJ., concur. *[See,* 129 Misc 2d 285.]