■ SMITH & DE GROAT, INC., Respondent, v ELEANOR M. VITA et al., Defendants, and BILL KAL, Appellant.—In an

action to recover a real estate brokerage commission, the defendant Bill Kal appeals from so much of a judgment of the Supreme Court, Nassau County (Christ, J.), entered September 22, 1989, as, after a nonjury trial, is in favor of the plaintiff and against him in the principal amount of $21,600.

Ordered that the judgment is affirmed insofar as appealed from, with costs.

The plaintiff Smith & De Groat, Inc. (hereinafter Smith & De Groat), a firm of licensed real estate brokers, commenced this action to recover a brokerage commission against the defendants Eleanor M. Vita and Irene J. South, the sellers of the subject real property, and the defendant Sami Kaldawi and his brother, the appellant Bill Kal a/k/a Nabil Kaldawi. Bill Kal was the ultimate purchaser of the property. Smith & De Groat alleged that pursuant to its exclusive listing agreement, it had first procured for the sellers a ready, willing and able buyer, Bill Kal, who offered $360,000 to purchase the property. The sellers rejected this bid. Next, Sami Kaldawi made a $355,000 bid, through his brother Bill Kal, which the sellers accepted. Sami Kaldawi then entered into a binder agreement, although his offer never materialized into a contract. A few months later, Smith & De Groat discovered that the sellers secretly had agreed to sell the property to Bill Kal's wholly owned corporation, Landmark Auto Parts, for a stated amount of $277,500. The contract of sale provided that no broker brought about the sale. Smith & De Groat commenced this action alleging, among other things, that the sellers and the Kaldawi brothers conspired together to defraud it of its duly earned brokerage commission. We find that there was ample evidence adduced at trial to sustain the court's determination that the defendants acted to deprive the plaintiff of its real estate brokerage commission (see, Bryce v Wilde, 39 AD2d 291, 293, affd 31 NY2d 882; Pilger v Ramati, 37 AD2d 581). The court's award of damages was correct under the facts and circumstances of this case (see, Keviczky v Lorber, 290 NY 297, 306).

We have reviewed Bill Kal's remaining contentions and find them to be without merit. Mangano, P. J., Kunzeman, Eiber and Balletta, JJ., concur.