■ DOUGLAS, PAYTON & COMPANY, INC., Appellant, v WE'RE ASSOCIATES, Respondent. [602 NYS2d 658] —In an action, inter alia, to recover a broker's commission, the plaintiff appeals from an order of the Supreme Court, Nassau County (O'Brien, J.), entered June 28, 1991, which granted the defendant's motion pursuant to CPLR 3212 for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The defendant made out a prima facie showing of entitlement to judgment as a matter of law. An examination of the plaintiff's affidavit in opposition to the defendant's motion for summary judgment indicates that the plaintiff has not raised any triable issues of fact. The plaintiff's claim for a broker's commission under an oral, nonexclusive, brokerage contract was without merit, because the plaintiff failed to establish that the proposed tenant was ready, willing, and able to lease the premises (see, Taibi v American Banknote Co., 135 AD2d 810).

The plaintiff was not the procuring cause of the lease (see, Greene v Hellman, 51 NY2d 197). Viewing the evidence in the record in the light most favorable to the plaintiff, the totality

of its efforts consisted of little more than bringing the subject premises to the attention of the tenant. There was no evidence in the record that the plaintiff initiated any negotiations or discussed with the parties any of the basic material details upon which they would reasonably have had to agree before a lease could be executed *(see, Levy Wolf Real Estate Brokerage v Lizza Indus.,* 118 AD2d 688). Furthermore, the defendant's conduct did not deprive the plaintiff of the opportunity to earn a commission *(see, Provost v St. Francis Commandery Hall Assn.,* 118 AD2d 922; *cf., Pilger v Ramati,* 37 AD2d 581). Mangano, P. J., Sullivan, Miller and Pizzuto, JJ., concur.