■ LANSTAR INTERNATIONAL REALTY, INC., Appellant, v NEW YORK NEWS, INC., et al., Respondents. [614 NYS2d 438] —In an action to recover damages for breach of an oral contract, the plaintiff appeals from an order of the Supreme Court, Nassau County (Molloy, J.), entered October 26, 1992, which granted the defendants' motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The plaintiff Lanstar International Realty, Inc. (hereinafter Lanstar) is a licensed real estate broker. The record indicates that in the summer of 1988, Lanstar showed the defendants five properties, one of which was the property in Syosset eventually purchased by the defendants. Although Lanstar

sought to enter a written exclusive agency agreement with the defendants, they refused to do so. Nevertheless, Lanstar claims that the defendants promised at the same time to "protect" Lanstar as to any sale which might occur regarding the five properties it had shown to the defendants. At one point Lanstar attempted to set up meetings between the owner of the Syosset property and the defendants; however, the meetings were canceled by the defendants. Shortly thereafter, the defendants informed Lanstar that they were no longer interested in pursuing the five properties. Despite the defendants' express rejection of the properties, Lanstar alleged that they continued to assure Lanstar that it would be "protected" as to those properties. In early 1990, the defendants consummated a purchase of the Syosset property without any intervention by Lanstar.

"It has long been recognized that a broker, save when he enjoys the benefit of a special agreement to the contrary, does not automatically and without more make out a case for commissions simply because he initially called the property to the attention of the ultimate purchaser" (Greene v Hellman, 51 NY2d 197, 205; see also, Helmsley-Spear, Inc. v Melville Corp., 203 AD2d 517). Viewing the evidence in the light most favorable to Lanstar, the totality of its efforts consisted of little more than bringing the Syosset property to the attention of the defendants (see, Douglas, Payton & Co. v We're Assocs., 197 AD2d 559). There was no evidence in the record that Lanstar initiated any negotiations or discussed with the parties any of the basic material details upon which they would reasonably have had to agree before executing a contract of sale. Moreover, the record is devoid of any evidence that the defendants ever promised to pay Lanstar a commission, or that their conduct deprived Lanstar of the opportunity to earn a commission. Under these circumstances, there is insufficient proof of the existence of an oral exclusive agency agreement, or that Lanstar was the procuring cause of the sale, an essential component of an action to recover a broker's commission (see, Greene v Hellman, 51 NY2d 197, 205-206, supra; see also, Mollyann, Inc. v Demetriades, 206 AD2d 415 [decided herewith]; Brown & Son Realty v Greenberg, 195 AD2d 583). Sullivan, J. P., Pizzuto, Santucci and Friedmann, JJ., concur.