■ CASSETTA FRANK, INC., Respondent, v P.G.C. ASSOCIATES et al., Defendants and Third-Party Plaintiffs-Appellants, and TRICOR REALTY GROUP, INC., Also Known as TRICOR REALTY CORP., et al., Appellants. BERT BRODSKY, Third-Party Defendant-Appellant. [694 NYS2d 102] —In an action, *inter alia,* to recover damages for breach of contract, (1) the defendants third-party plaintiffs P.G.C. Associates, John Lese, Philip Adler, Raymond Del Savio, and Desmond Fitzgerald appeal from so much of a judgment of the Supreme Court, Westchester County (Rosato, J.), entered October 28, 1997, as, after a nonjury trial, is in favor of the plaintiff and against the defendants third-party plaintiffs P.G.C. Associates, John Lese, and Desmond Fitzgerald in the principal sum of $423,000, and (2) the defendants Tricor Realty Group, Inc., a/k/a Tricor Realty Corp., Stephen B. Meister, and Elaine Byron as executor of the estate of Jules Byron, and the third-party defendant Bert Brodsky separately appeal from so much of the same judgment as is in favor of the defendants third-party plaintiffs P.G.C. Associates, John Lese, and Desmond Fitzgerald and against the defendants Tricor Realty Group, Inc., a/k/a Tricor Realty Corp. and Elaine Byron as executor of the estate of Jules Byron on the cross claims, and against the third-party defendant Bert Brodsky on the third-party complaint, in the principal sum of $423,000.

Ordered that the appeals of Philip Adler, Raymond Del Savio, and Stephen B. Meister are dismissed, without costs or disbursements, as they are not aggrieved by the judgment (*see,* CPLR 5511); and it is further,

Ordered that the judgment is modified by (1) deleting the provision thereof awarding damages in favor of the plaintiff and against the defendants third-party plaintiffs P.G.C. Associates, John Lese, and Desmord Fitzgerald in the principal sum of $423,000, and substituting therefor a provision awarding damages in the principal sum of $224,250, and (2) deleting the provision thereof awarding damages in favor of the defendants third-party plaintiffs P.G.C. Associates, John Lese, and Desmond Fitzgerald and against the defendants Tricor Realty

Group, Inc., a/k/a Tricor Realty Corp., Elaine Byron as executor of the estate of Jules Byron, and the third-party defendant Bert Brodsky in the principal sum of $423,000, and substituting therefor a provision awarding damages in the principal sum of $224,250; as so modified, the judgment is affirmed, without costs or disbursements, and the matter is remitted to the Supreme Court, Westchester County, for the entry of an appropriate amended judgment.

It was error for the court to admit into evidence the surreptitiously-recorded conversations of June 24, 1988, which this Court finds were intentionally partially erased (*see, People v Ely,* 68 NY2d 520, 527), and of June 28, 1988, which the plaintiff's witness was unable to authenticate because of the requirements of CPLR 4519 (*see, Holcomb v Holcomb,* 95 NY 316; *Young v Strong,* 118 AD2d 974; *Melkon v Kirk & Co.,* 220 App Div 180). Additionally, it was improper for the Supreme Court to consider the settlement offers as evidence of the defendants' and third-party defendant's liability (*see, Tennant v Dudley,* 144 NY 504, 507). Nevertheless, the weight of the remaining evidence establishes that the property owner, the defendant P.G.C. Associates (hereinafter PGC), listed the premises in question with the plaintiff, Cassetta Frank, Inc. (hereinafter CFI), and that CFI was the "procuring cause" of the sale of the premises to the buyer, the defendant Tricor Realty Group, Inc., a/k/a Tricor Realty Corp. (hereinafter Tricor) (*see, Buck v Cimino,* 243 AD2d 681, 684; *Werner v Katal Country Club,* 234 AD2d 659).

At the outset of the trial, the parties stipulated that CFI had shown the premises to Tricor, and it is uncontroverted that PGC contracted to sell the premises to Tricor about seven or eight months after the showing. Although PGC's principal testified that his brother introduced him to Tricor, he testified differently during his examination before trial. Also, PGC's contention that it began negotiating with Tricor before CFI showed Tricor the premises is contradicted by the testimony of the person who "spearheaded" the negotiations on behalf of Tricor. In addition, PGC conceded that it solicited offers from CFI as well as other brokers. Contrary to the contention of PGC and Tricor, the weight of the evidence does not establish that CFI should be denied its commission on the theory that the parties abandoned the transaction or on the theory that CFI did not play a substantive role in the negotiations (*see, Stolen v Bruaz Realty Corp.,* 173 AD2d 927; *Quantum Realty Servs. v ISE Am.,* 214 AD2d 420).

The weight of the evidence does not establish that PGC

agreed to the commission schedule asserted by CFI, and instead establishes that the parties agreed to be bound by the customary and usual rate (*see, Hampton Realty v Conklin,* 220 AD2d 385; *Green Realty Corp. v Polidori,* 224 AD2d 384). In light of the expert testimony adduced at trial, we find that the appropriate rate of commission was 3 percent of the $7,475,000 purchase price of the premises, which is $224,250. Therefore, the judgment is modified accordingly.

Under the circumstances of this case, CFI was specifically authorized by statute to proceed with this litigation, even though it failed to pay its franchise tax and was dissolved by the Secretary of State after this lawsuit was commenced (*see,* Business Corporation Law § 1006 [a] [4]; § 1009; Tax Law § 203-a [10]; *Vinlis Constr. Corp. v Roreck,* 67 Misc 2d 942, *affd* 43 AD2d 911).

The trial court correctly found that PGC was entitled to indemnification under the contract of sale (*see, Buck v Cimino,* 243 AD2d 681, *supra*). The terms of the contract indicate that it was intended to survive the closing (*see, Goldsmith v Knapp,* 223 AD2d 671). Thus, under a plain reading of the terms, PGC is entitled to indemnification. Furthermore, there were no material breaches of the agreement by PGC. Altman, J. P., Friedmann, McGinity and Luciano, JJ., concur.