■ In the Matter of the Estate of MARY EDNA SULLIVAN, Deceased. EILEEN KAVANAGH, Appellant; PATRICK T. SULLIVAN et al., Respondents. [819 NYS2d 531]—

In a proceeding, inter alia, for a judgment declaring that certain deeds executed by the respondent Patrick T. Sullivan are null and void, the appeal is from an order of the Surrogate's Court, Rockland County (Nelson, A.S.), dated February 17, 2005, which, after a nonjury trial, denied the petition and declared that the deeds were valid.

Ordered that the order is affirmed, with costs.

Until 1969 the real property at the heart of this dispute was owned by the deceased, Mary Edna Sullivan, who operated it as a restaurant along with her son, the respondent Patrick T. Sullivan (hereinafter the respondent). On February 4, 1969 the deceased transferred the subject property to a newly-formed corporation, Tappan Inn, Inc. (hereinafter Tappan). Tappan was formed by the deceased and the respondent primarily for the purpose of facilitating the refinancing of existing debts relating to the restaurant. The deceased owned a 90% interest in Tappan and the respondent held the remaining 10% interest.

Tappan was dissolved by proclamation of the Secretary of State in 1973 for nonpayment of franchise taxes. That dissolution has never been annulled.

By agreement dated November 24, 1981 the deceased transferred to the respondent "all of the right, title and interest in [Tappan] together with its obligations . . . and also all of the right, title and interest in the licensed premises-restaurant business known as Sullivan's Tappan Inn, together with its obligations." By deed dated December 10, 1986, Tappan transferred the subject property to the respondent. The deceased died in 1988. By deed dated December 26, 1989, the respondent transferred the subject property to himself and his wife, the respondent Kathleen M. Sullivan.

The petitioner, Eileen Kavanagh, contends that the 1986 and 1989 deeds are void because, upon Tappan's dissolution for nonpayment of taxes in 1973, the subject property automatically reverted from the corporation to its then shareholders (i.e., the deceased and the respondent). We disagree.

The dissolution of a business corporation for failure to pay franchise taxes does not affect the corporation's right to collect or distribute its assets (see Tax Law § 203-a [10]; Business Corporation Law §§ 1006, 1009; *Vinlis Constr. Co. v Roreck,* 67 Misc 2d 942, 944 [1971], *affd* 43 AD2d 911 [1974]; *see also Cas-*

*setta Frank, Inc. v P.G.C. Assoc.,* 264 AD2d 375, 377 [1999]). The tax liability survives the dissolution and attaches to the real and personal property of the dissolved corporation "or of a transferee liable to pay the same" (*see* Tax Law § 1092 [j]; *Matter of Costello v New York State Dept. of Taxation & Fin.,* 125 AD2d 775 [1986]).

Applying these principles, Tappan retained title to the subject property until 1986, when it transferred such title to its then sole shareholder, the respondent. Contrary to the petitioner's contention, Tappan's dissolution in 1973 did not impact its legal authority to effect that transaction.

The petitioner's remaining contentions are without merit. Crane, J.P., Spolzino, Fisher and Lunn, JJ., concur.