[892 NYS2d 847]

41 EAST 1ST STREET REHAB CORP., Petitioner, v ROSA LOPEZ, Respondent.

Civil Court of the City of New York, New York County, December 24, 2009

APPEARANCES OF COUNSEL

*Jeffrey H. Roth,* New York City, for petitioner. *Jacqueline M.H. Bukowski,* New York City, for respondent.

**OPINION OF THE COURT**

SABRINA B. KRAUS, J.

## Background

This summary holdover proceeding was commenced by 41 East 1st Street Rehab Corp. and seeks to recover possession of apartment 2E, at 41 East 1st Street, New York, New York, 10003 (subject premises), based on the allegation that Rosa Lopez, the rent-stabilized tenant of record, does not maintain the subject premises as her primary residence.

## Procedural History

Respondent appeared pro se on January 18, 2007, the initial return date of this proceeding, and filed a written answer that included a general denial and asserted improper service and that her absence from the subject premises was excusable, because she was caring for her elderly, infirm mother.

On February 13, 2007, petitioner moved for discovery, use and occupancy, and for an order striking respondent's traverse defenses. Petitioner's motion was denied, except to the extent of ordering payment of use and occupancy pendente lite.

On March 12, 2007, petitioner renewed its motion for discovery, but the motion was held in abeyance pending a traverse hearing. The traverse hearing began on June 27, 2007 and the court overruled traverse, pursuant to a decision issued October 19, 2007.

On November 13, 2007, the court granted petitioner's pending motion for discovery and directed respondent to appear for a deposition and comply with document requests. The deposition was scheduled for January 29, 2008 and the proceeding was marked off calendar pending completion of discovery. The deposition took place on February 5, 2008 and, by that date, respondent had obtained counsel.

In June 2008, the proceeding was restored to the calendar and trial was scheduled for August 12, 2008. In September 2008,

there was further motion practice regarding discovery and respondent moved for an order permitting her to file an amended answer. The court granted petitioner some additional discovery, but denied respondent's request without prejudice.[1] The proceeding was marked off calendar for a second time in October 2008.

In March 2009, petitioner filed a notice of consent to change attorneys; subsequently, the proceeding was restored to the calendar and scheduled for trial on July 1, 2009.

On July 31, 2009, the proceeding was transferred to Part S and the trial commenced. Prior to the testimony of any witnesses, the parties stipulated to the admission of certain documents. The following documents were stipulated into evidence as petitioner's exhibits: (1) a certified deed for the subject premises, dated February 9, 1990, labeled "Deed in Lieu of Foreclosure" between 41 East Village Associates and 41 East 1st Street Rehab Corp.; (2) a certified copy of the multiple dwelling registration for the subject premises; (3) certified copies of Division of Housing and Community Renewal rent registrations for the subject premises; (4) and (4) (a) the original lease for respondent dated December 31, 1996, and the most recent lease renewal for a term through December 31, 2006; (5) the deposition transcript from respondent's February 5, 2008 deposition (admitted over respondent's objection); (6) a copy of respondent's Florida driver's license, issued June 12, 2006; (7) a copy of respondent's passport valid for a period from April 1994 through April 2004; and (8) bank records produced by respondent during discovery for the years 2005 and 2006.

Respondent put into evidence two certified documents: the certificate of incorporation for 41 East 1st Street Rehab Corp. (exhibit A); and a document dated July 22, 2009 stating that 41 East 1st Street Rehab Corp., incorporated on January 26, 1990, was dissolved by proclamation on September 29, 1993 for failure to pay taxes and that said dissolution has not been annulled (exhibit B).

As a result of the corporate dissolution, petitioner moved for a continuance and the court issued an order granting petitioner's application. The order provided, in pertinent part, that

1. While the cross motion was denied without prejudice, the identical amended answer was provided to the court on July 31, 2009 and is part of the court file. The amended answer is acknowledged in the court's July 31, 2009 order, marking the proceeding off calendar, and in petitioner's reply papers herein.

"the court grant[s] Petitioner's application to mark the proceeding off calendar pending reinstatement or other motion for relief. If Petitioner has proof of reinstatement, proceeding may be restored . . . Petitioner reserves its right to argue that Respondent waived the defense regarding the dissolution by failure to include it in the original or amended answer herein."

On or about October 7, 2009, petitioner moved to restore the proceeding for continued trial, asserting that the corporation had been reinstated. The motion was referred to this court by the judge currently presiding in Part S on November 24, 2009, and upon receipt of the papers, the court reserved decision.[2] For the reasons discussed below, the motion is denied.

## The Motion

### The Parties' Claims

Petitioner's moving papers are based solely on an attorney affirmation and a certified document that states that 41 East 1st Street Rehab Corp., incorporated on December 16, 2002, has never been dissolved and is an existing corporation (exhibit A to moving papers). Petitioner's counsel asserts that "[p]etitioner has been reinstated as an active and existing corporation" and that the certification annexed to its moving papers is evidence of that fact.

Respondent argues that there are two corporations. The first corporation (Rehab 1) has never been reinstated and has wrongfully continued to conduct business, not limited to winding up its affairs. Respondent argues that the second corporation (Rehab 2), incorporated in 2002, is neither the owner of the subject premises (*see* deed, exhibit 1) nor the landlord (*see* lease, exhibit 2), as documentary indicia for both predate the existence of Rehab 2. Respondent further asserts that by reincorporation under the same name, Rehab 1 is wrongfully attempting to continue to conduct business without paying back taxes and that Rehab 1 has provided no evidence of having paid back taxes or reinstatement. In support of her position, respondent annexes a certified statement from New York Department of State that, as of September 8, 2009, Rehab 1 remains dissolved without reinstatement (exhibit B to opposition papers).

Petitioner replies, without further explanation, that the document annexed to its moving papers (exhibit A) is proof that

---

2. Judge Kraus was sitting in Part S on July 31, 2009, but has since been reassigned to Bronx County Housing Court.

Rehab 1 has been reinstated. Petitioner annexes copies of two checks to its reply papers. The first appears to have been negotiated in July 2009 and is in the amount of $15,599.66, made payable to the Commissioner of Taxation and Finance. The name of the person signing the check is not legible and not otherwise identified by petitioner. The check has a reference of 41 East 1st Street Rehab Corp. in handwriting on the top left corner and a handwritten tax identification number that is also not entirely legible. The second check is signed by Marisol Perez, payable to the same entity in the amount of $7,216.53 and dated August 2009. Petitioner's counsel asserts that said checks are evidence that petitioner is "an active and existing" corporation. However, it is not possible to tell, from the checks alone, which corporation they relate to. Given that Rehab 1 remains dissolved by proclamation, presumably the checks are payments due for Rehab 2. Moreover, given that both checks predate the certified documents establishing that Rehab 1 has been and remains dissolved by proclamation, neither check can represent payments of back taxes for reinstatement.

Finally, pursuant to section 203-a of the Tax Law, in order to be reinstated, a corporation must file a certificate of payment of taxes, referred to in the statute as a certificate of consent (*see e.g.* § 203-a [7]; Mem of NY State Dept of Taxation and Finance, TSB-M-86[5] C, Sept. 15, 1986). This certificate annuls the dissolution and is obtainable on request after payment of delinquent taxes and required fees. This certificate would be prima facie evidence of reinstatement, but has not been provided by petitioner.

Petitioner further argues, for the first time in its reply papers, that the defense regarding the dissolution of the corporation has been waived, because it is neither asserted in respondent's original answer nor in the amended answer.

## Discussion

### Has Petitioner Presented Sufficient Evidence of Reinstatement to be Entitled to Have the Proceeding Restored for Continued Trial?

Under Tax Law § 203-a, the New York Secretary of State may dissolve a corporation that fails to pay taxes (Tax Law § 203-a [7]). In order to be restored to active corporate status, the corporation must pay all back taxes along with interest and penalties (*id.*).

Once a corporation has been dissolved by proclamation for failure to pay taxes, absent subsequent reinstatement, the

corporation is legally dead, and is no longer permitted to sue or be sued, except as specifically permitted by statute (*De George v Yusko*, 169 AD2d 865 [3d Dept 1991]; *Brady v State Tax Commn. of State of N.Y.*, 176 Misc 1053 [1941]; *Moran Enters., Inc. v Hurst*, 66 AD3d 972 [2d Dept 2009]; *Brandes Meat Corp. v Cromer*, 146 AD2d 666 [2d Dept 1989]). Specifically, pursuant to statute, the dissolved corporation may only institute a suit if related to the winding up the affairs of the corporation (Business Corporation Law §§ 1006, 1009).

Petitioner does not argue that this proceeding is brought in connection with Rehab 1 winding up its affairs.

The New York Secretary of State may not certify two corporations with the same name at any given time (Tax Law § 203-a [6]), however three months after the dissolution of a corporation, the corporate name of the dissolved corporation may be reused by a new corporation (*id.*).

A dissolved corporation that continues to conduct its regular course of business may not avoid paying franchise taxes by reincorporating (*Lorisa Capital Corp. v Gallo*, 119 AD2d 99, 109 [2d Dept 1986]). In *Lorisa* (*supra*) the court held, in pertinent part:

> "Statutory dissolution by proclamation of the Secretary of State pursuant to Tax Law § 203-a is intended to encourage voluntary payment of franchise taxes. After dissolution . . . [a]ll new business is prohibited . . . Payment of such preproclamation indebtedness by a corporation which has failed to cease its business activities may not be avoided by an attempt to reincorporate. It is apparent from the statutory scheme that the Legislature did not intend a delinquent corporation which has not sought reinstatement to enjoy the privileges of corporate existence, which include . . . the right to bring suit in the courts of this State." (*Id.* at 109-110 [citations omitted].)

Based on the foregoing, the court concludes that the two corporations for which the parties have provided documentation, Rehab 1 and Rehab 2, are two different corporations. Petitioner appears to have attempted to avoid its obligations to pay back taxes by reincorporating.

The corporation formed in 2002, Rehab 2, which the moving papers assert is the petitioner in this case, cannot state a cause of action against the respondent. Rehab 2 was first formed in

2002, and therefore, as respondent argues, it can neither be the corporation that owns the subject premises, pursuant to the deed for the subject premises dated 1990, nor can it be the landlord pursuant to the lease for the subject premises dated 1996. Thus, Rehab 2 cannot prosecute this proceeding. The corporation that owns the subject premises, and entered into the lease with respondent, Rehab 1, has been dissolved (*see e.g. Matter of Sullivan*, 31 AD3d 651 [2d Dept 2006] [notwithstanding dissolution for failure to pay taxes corporation retained title to real property]).

In contravention of the law, Rehab 1 continued to conduct new business after its dissolution by, inter alia, entering into a lease agreement with the respondent for the subject premises in 1996. Rehab 1 is precluded from prosecuting this lawsuit because it has been dissolved by proclamation, to date it has not been reinstated by payment of back taxes and it is acknowledged that this proceeding is in no way related to Rehab 1 winding up its affairs after dissolution.

Has the Defense Regarding Petitioner's Dissolution been Waived as a Result of Respondent's Failure to Include the Defense in Its Original and Amended Answer?

While this issue was preserved pursuant to the court order dated July 31, 2009, granting petitioner's application for a continuance, petitioner's motion to restore did not assert the right to proceed based on any waiver, but instead, asserted that the corporation had been reinstated. The issue was raised for the first time by petitioner in its reply papers and therefore is not an appropriate basis upon which to grant relief.

## Conclusion

Based on the foregoing, petitioner's motion must be denied because Rehab 1, the only entity with standing to institute this proceeding, has failed to establish it has paid the back taxes and been reinstated. The proceeding shall therefore remain off calendar.[3]

---

3. The court notes respondent has not cross-moved for any affirmative relief.