HAMILTON, ISELIN & Co., INC., Appellant, *v.* TILLIE S. JARETZKI and Another, Respondents.

First Department, June 23, 1930.

*Harold R. Medina* of counsel [*William Gilbert* with him on the brief; *Fletcher & Brown*, attorneys], for the appellant.

*E. H. Sykes* of counsel [*W. Lundgren* with him on the brief; *Sullivan & Cromwell*, attorneys], for the respondent Tillie S. Jaretzki.

*James F. Donnelly* of counsel [*Mark Eisner* and *Merwin Lewis* with him on the brief; *Olvany, Eisner & Donnelly*, attorneys], for the respondent Paul Block.

SHERMAN, J. Plaintiff seeks a broker's commission claimed to have been earned upon the sale of real estate owned by defendant Jaretzki to Paul Block. After joinder of issue, Block was brought in by means of a supplemental summons because as purchaser he had indemnified Mrs. Jaretzki against any claim by a broker for services in negotiating a sale of the real property.

At the close of the evidence the court directed the jury to find a verdict in favor of both defendants. This appeal is taken from the judgment entered thereon in favor of defendants and awarding each separately costs against plaintiff.

Plaintiff had been authorized by defendant Jaretzki to offer the property for sale, and had brought it to the attention of Block by means of letters and a detailed written description of the premises. It had procured from the owner written permission to show the premises to Block and had made appointments with Block to inspect the property. There is evidence that this inspection

was delayed because of Block's absence from the city, but the efforts of plaintiff appear to have continued for several months.

In November, 1925, Block's secretary advised plaintiff that he was interested in the property and would go up and look at it with plaintiff's representative as soon as he had an opportunity. The last of several appointments made for him to view the property with a representative of plaintiff was set for December, 1925.

The contract of sale, however, whereby the realty was sold to Block was not made until May 3, 1926. On January 28, 1926, Mr. Block called upon the representative of Mrs. Jaretzki and stated, among other things, that his call was due to the intervention of a mutual friend, and that if the sale was consummated, there would be no brokerage to pay. Thereupon in the course of their dealing the price was reduced by diminishing the acreage and by eliminating the broker's commission, upon Block's giving the indemnity agreement above referred to, which sets forth that no broker had been concerned in the negotiations.

During March, 1926, plaintiff communicated with Block regarding the property and received evasive replies. Plaintiff also called the situation to the attention of Mrs. Jaretzki's representative by letter prior to the making of the contract of sale. Whether plaintiff, as it contends, was the procuring cause of Mr. Block's purchasing the property, or the persuasive quality of the facts and arguments presented by a mutual friend of defendants, as urged by them, actuated Block in making the purchase, were questions of fact for the jury to determine. (*Smith* v. *Chapin Home*, 184 App. Div. 102; affd., 229 N. Y. 551.)

The judgment and order appealed from should be reversed and a new trial ordered, with costs to appellant to abide the event.

FINCH, MERRELL, McAVOY and MARTIN, JJ., concur.

Judgment and order reversed and a new trial ordered, with costs to the appellant to abide the event.