■ P. S. BURNHAM, INC., Appellant, v ALAIN WERTHEIMER et al., Respondents.—Order, Supreme Court, New York County (David Edwards, Jr., J.), entered on or about December 3, 1987, which granted defendants-respondents' motion for summary judgment, and judgment of said court entered thereon on or about December 21, 1987, unanimously reversed, on the law, and the motion denied, without costs.

Defendants-respondents entered into an oral agreement with plaintiff-appellant, a real estate broker licensed to do business in this State, whereby appellant was to procure for respondents a suitable luxury cooperative or condominium apartment not already being offered for sale in the real estate market, for a commission equal to 6% of the purchase price. Respondents ultimately purchased an apartment through another broker, defendant-respondent Douglas Elliman-Gibbons & Ives, Inc. (Douglas Elliman), prompting appellant to institute this action for breach of contract and tortious interference. Respondents moved for summary judgment alleging that appellant had failed to produce a ready and willing seller of an apartment which met respondents' stipulated conditions; that appellant had no authority to sell the apartment which had been listed first with another broker and then with Douglas Elliman; that appellant did no more than introduce the buyer and seller and did not participate in the four months of negotiations over the sale; and that appellant failed to show bad faith or any wrongful act by Douglas Elliman. Supreme Court granted the motion, finding that appellant had only alerted respondents to the possibility that the apartment might be available for sale and that she could not be deemed to have earned a commission simply from this introduction (Levy Wolf Real Estate Brokerage v Lizza Indus., 118 AD2d 688 [2d Dept 1986]).

Upon examination of the deposition testimony and affidavits submitted to the court, we find that there are triable issues regarding the terms of the contract and as to whether respon-

dents' decision to negotiate through Douglas Elliman was taken in good faith and not for the sole purpose of preventing appellant from earning her commission. It is not clear from the record what was meant when the parties stipulated that the broker find an apartment "not then currently on the real estate market as premises for sale", nor is it clear whether the apartment which respondents purchased was, in fact, currently on the market when appellant brought it to their attention. The affidavits of Alice F. Mason, the broker with whom the apartment was listed prior to the listing with Douglas Elliman, state that it was "never really clear to me" whether the seller was serious about selling the apartment "because at times it appeared to be on the market and then not on the market."

After learning that the apartment might be available, appellant informed respondents and forwarded a copy of the floor plan to them. She contacted the seller's secretary to arrange for respondents to view the apartment and was told to call back the following week for an appointment. When she did so, she was told that respondents already had an appointment to see the apartment that day. When asked about this, respondents said that they had made the appointment through the building's managing agent. Douglas Elliman, because Douglas Elliman claimed it was the exclusive agent for the apartment. Appellant alleges that respondents asked her not to interfere with Douglas Elliman because it might jeopardize their chances of getting the apartment. She states that she was assured, however, that a separate arrangement would be made for her to receive her commission, inasmuch as it was Douglas Elliman's policy not to share commissions with other brokers. Appellant continued to pursue other apartments on behalf of respondents until the spring of 1985. Thus, contrary to the conclusion of the court below, the record does not clearly indicate that appellant was discharged or the agreement with respondents terminated before respondents entered into negotiations through Douglas Elliman.

Given this record, respondents were not entitled to summary judgment. The ambiguity as to the contract's terms precludes such summary disposition (see, Eden Music Corp. v Times Sq. Music Publs. Co., 127 AD2d 161, 164 [1st Dept 1987]) and the conflicting claims in the depositions and affidavits make it impossible to resolve central questions of fact as to the nature of the contract and whether it was substantially performed. Concur—Murphy, P. J., Kupferman, Sullivan, Rosenberger and Smith, JJ.