(February 2, 1989)

■ Sheppard International Ltd., Appellant, v Albert Vogel et al., Respondents.—Judgment of the Supreme Court, New York County (Edith Miller, J.), entered on September 2, 1987, which, *inter alia,* granted the cross motion for summary judgment of defendants-respondents dismissing the complaint, unanimously reversed, on the law, the cross motion for summary judgment is denied and the matter remanded, without costs.

In January of 1984, an agent of plaintiff-appellant Sheppard International, a real estate brokerage firm, showed an apartment to defendants-appellants Albert and Carolyn Vogel. The apartment belonged to defendants-appellants Gordon Chang and Chang Ming Chwan. Defendant-appellant Lucia Chang Tuan, acting as attorney-in-fact for the owners, engaged plaintiff to act as broker. At the time plaintiff's agent initially showed the apartment to the Vogels, defendant Albert Vogel signed a standard form agreement bearing the broker's letterhead in which Vogel agreed to honor Maxine Sheppard as broker with respect to the apartment as well as three others shown the same day in the same building, and not to negotiate with anyone else in the purchase or lease of the four apartments listed on the form.

Initially the Vogels expressed no interest in the apartment. However, in August of 1984, allegedly in response to a newspaper advertisement placed by defendant Tuan, the Vogels again looked at the apartment, negotiated terms with Tuan, and closed in September of 1984. In the contract of sale, the Vogels represented that they had not dealt with a broker in connection with the sale.

Plaintiff then commenced this action asserting seven causes

of action. Defendants Lucia Tuan, Gordon Chang and Chang Chwan then asserted a cross claim against the Vogels alleging that the Vogels misrepresented that they had not dealt with a broker in connection with the apartment.

The motion court granted defendants' motion for summary judgment, stating in its memorandum decision, "[t]he sale resulted from the defendant Tuan's newspaper advertisement of the apartment some eight months after the preliminary showing of the apartment to the Vogels."

In our view summary judgment was inappropriate. On a motion for summary judgment the opposing party is entitled to every favorable inference that can be drawn from the evidence. *(Greiner-Maltz Co. v Kalex Chem. Prods.*, 142 AD2d 552.) The motion court exceeded its role of issue identification by determining that the sale resulted from the newspaper advertisement. A reasonable trier of fact could find that the newspaper advertisement was a subterfuge intended to cut the broker out of the transaction after initially bringing the parties together. *(See, Keviczky v Lorber*, 290 NY 297.) The course of conduct recited above indicates an intent on the part of at least some of the defendants to obtain a lower price by cutting the broker out of the deal. Under the circumstances, questions of fact are present making summary judgment inappropriate. *(See, P. S. Burnham, Inc. v Wertheimer*, 141 AD2d 431.) Concur—Murphy, P. J., Kupferman, Sullivan, Ross and Smith, JJ.