J. GROTTO AND ASSOCIATES, INC., Respondent, v GEORGE

Lax, Appellant, et al., Defendant.—Order and judgment, Supreme Court, New York County (Edward J. Greenfield, J.), entered February 16, 1990 and February 21, 1990 respectively, which, *inter alia,* granted plaintiff's motion for summary judgment against defendant George Lax on the first cause of action in the sum of $97,968.75 plus interest, together with costs and disbursements, and denied that branch of defendants' cross-motion seeking to consolidate this action with *Garrick-Aug Assocs. Store Leasing v Lax* (Index No. 24557/88), is reversed to the extent appealed from, on the law and the facts and in the exercise of discretion, plaintiff's motion for summary judgment is denied with leave to renew upon completion of discovery, and defendants' cross-motion for consolidation is granted, without costs or disbursements.

The facts and procedural background in this case are fairly set forth in the dissenting memorandum, and need not be repeated in detail. Essentially, plaintiff sought and obtained summary judgment against defendant George Lax for brokerage commissions owed pursuant to a written agreement in which the plaintiff expressly warranted that it was the "sole procuring broker" for the lease by McDonald's of space in the defendant's building. The agreement also contained an acknowledgment by defendant that he "had no substantive negotiations that led to the execution of the lease with McDonald's with any broker other than [plaintiff]." Defendant ceased making commission payments to plaintiff when another broker, Garrick-Aug Associates Store Leasing, Inc., sued defendant claiming that it had introduced McDonald's to defendant.

Plaintiff moved for summary judgment on the theory that even if Garrick-Aug had a good cause of action against the defendant on the basis of Garrick-Aug's having brought about the McDonald's lease, that circumstance was "not the plaintiff's affair", and plaintiff was nevertheless entitled to its full $213,750 brokerage fee upon defendant's leasing space to McDonald's. Defendant opposed summary judgment and cross-moved to consolidate this action with Garrick-Aug's action against defendant, so that the trier of fact could determine which broker was responsible for bringing about the McDonald's lease. As here pertinent, defendant argued that if plaintiff was not in fact the "sole procuring cause" of that lease, then plaintiff had breached its warranty to that effect, a significant representation upon which defendant had relied when it agreed to pay plaintiff a brokerage fee.

In the procedural posture of this case, the record is not ripe

for reaching a summary determination as to whether it was plaintiff, or Garrick-Aug, who brought about the McDonald's lease, which is ordinarily a factual question to be decided by a jury. *(See, Sheppard Intl. v Vogel,* 147 AD2d 351; *Homnick v New York Dock Trade Facilities Corp.,* 246 App Div 844; *Hamilton, Iselin & Co. v Jaretzki,* 230 App Div 102.) Defendant was precluded from proceeding with discovery, and so was unable to obtain testimony from McDonald's or Garrick-Aug concerning the extent of Garrick-Aug's efforts with respect to procuring the lease. Consolidation should have been granted, as both actions arise out of the same transaction, the relief sought in each action may offset that which is sought in the other, and there is a possibility of injustice if inconsistent determinations are reached in the two actions *(see, Shlansky & Bro. v Grossman,* 273 App Div 544). Plaintiff's motion for summary judgment should have been denied with leave to renew upon completion of discovery (CPLR 3212 [f]). Concur— Sullivan, Carro and Kassal, JJ.

Murphy, P. J. and Smith, J., dissent in a memorandum by Smith, J., as follows: Because I believe that the plaintiff is entitled to summary judgment, I would affirm the motion court.

In this action plaintiff J. Grotto and Associates, Inc. ("Grotto") is seeking to recover monies allegedly due and owing by the defendant George Lax ("Lax)[1] pursuant to a written brokerage agreement for procuring McDonald's Corporation ("McDonald's") as a tenant in a building owned by defendant Lax and located in Manhattan. That agreement, dated March 30, 1987 and executed June 16, 1987, included the representation by plaintiff that it was the "sole procuring broker for the purposed lease between McDonald's and Lax for the store premises at 47 West 57th Street." Similarly, defendants Lax and Rudes warranted in a handwritten paragraph at the end of the agreement that they had "had no substantive negotiations that led to the execution of the lease with McDonald's with any broker other than [plaintiff]." Finally, plaintiff's entitlement to a commission was established, "[o]nly if and when the lease [with McDonald's] is fully executed and exchanged between the parties." The agreement further provided that plaintiff would be paid a commission of $213,750.

---

1. That branch of defendants' cross-motion seeking summary judgment dismissing the complaint as against defendant Saul Rudes was granted and has not been appealed.

On June 15, 1987, defendant Lax and McDonald's entered into a lease for the premises. Defendant Lax made commission payments pursuant to the agreement totalling $115,781.25 until the fall of 1988. At that time, Garrick-Aug Associates Store Leasing, Inc. ("Garrick-Aug") commenced an action against Lax and McDonald's seeking a brokerage commission for procuring a "ready, willing and able tenant" for Lax. Lax has denied this allegation. In its second amended complaint Garrick-Aug alleged breach of agreement, fraud, conspiracy to defraud and tortious interference with the agreement. Garrick-Aug alleged that it entered into an agreement with Lax to procure a tenant for the premises at issue in 1986. It subsequently entered into an agreement with McDonald's to locate space for its operations. In August 1986, Garrick-Aug allegedly showed the premises to McDonald's. Three lease proposals allegedly were submitted, through Garrick-Aug, but each was rejected by Lax. Lax denied that such an agreement existed with Garrick-Aug, contending that Garrick-Aug was to procure the Sharper Image Corporation as a tenant. Lax further denied rejection of three proposals from McDonald's. Indeed, Lax has stated that at the time of his contact with Garrick-Aug, he was not interested in leasing to a food business such as McDonald's unless a certain rental income was achieved.

The IAS court granted summary judgment in favor of the plaintiff and against Lax on the first cause of action.[2] The IAS court held that the execution and exchange of the lease between defendant Lax and McDonald's was the condition precedent triggering plaintiff's entitlement to a commission and that that condition had been realized. Moreover, the warranty in the agreement that defendants Lax and Rudes had had no substantive negotiation with any other broker regarding a lease with McDonald's was irrelevant to the plaintiff's motion for summary judgment according to the motion court. Consequently, the IAS court did not address defendants' contention that an issue of fact existed with respect to which broker was the sole procuring cause of the lease. The cross-motion to consolidate this action with the action brought by Garrick-Aug was denied because there were no common questions of law or fact with respect to the remaining cause of action for commissions on additional space leased to McDonald's and the Garrick-Aug action.

---

2. The complaint herein asserted only two causes of action. The first cause was for breach of contract. The second cause sought a commission for the leasing of an additional 2500 square feet to McDonald's.

I agree with the IAS court that the execution and exchange of the lease between defendant Lax and McDonald's established the liability of said defendant to plaintiff. The plaintiff expressly represented and warranted that it was the sole procuring broker. Defendants warranted that they had no negotiations with any other broker and that only plaintiff had been involved. As such, it is readily apparent that the parties contemplated that plaintiff would be entitled to commissions once the lease was executed and exchanged.

The unpublished decision and order of this Court entered herein on June 4, 1991, is hereby recalled and vacated.