■ ARTHUR STRATTON et al., Respondents, v DAVID KEEFE et al., as Trustees, Appellants. [594 NYS2d 842] —Casey, J. Appeal from a judgment of the Supreme Court (Tait, Jr., J.), entered December 23, 1991 in Madison County, which, in an action pursuant to RPAPL article 15, determined that plaintiffs are the owners of certain real property.

This action involves a property line dispute between parties who are owners of adjacent parcels of real property on Poolville Lake (hereinafter the lake) in the Town of Hamilton,

Madison County. The original conveyance of defendants' parcel to William Brainard described its eastern boundary as "east on said line [in the lake] to the center of the outlet— thence on the center of said outlet to the [lake] thence easterly on the shoar *[sic]* of said [lake] to a stake standing at the south east corner of said [lake]". The original conveyance of plaintiffs' parcel described the western boundary of their property as "thence west to the outlet of said [lake]. hence *[sic]* south-easterly on the shore of the [lake] to the corner of William Brainard's land".

Plaintiffs commenced this RPAPL article 15 action to determine the western boundary of their property. A nonjury trial was held in which the main issue was the configuration of the southeast portion of the lake. Supreme Court found that the boundary line between the parties' parcels was fixed by the shoreline as it existed at the time of the original conveyances. This configuration was supported by plaintiffs' survey which was done by Rhinevault Surveyors (hereinafter the Rhinevault survey). Judgment was entered in plaintiffs' favor and defendants appeal.

We believe Supreme Court's decision is supported by the weight of credible evidence and, accordingly, affirm the judgment. The parties generally agree that defendants' property lies to the west of the shoreline of the lake, and plaintiffs' property lies to the east of said shoreline. What the parties are disputing is the location of the shoreline. Defendants argue that the swampy area at the southern corner of the lake did not exist at the time of the original conveyances to plaintiffs' predecessors in interest and, therefore, the description of the boundary as the "shoreline" included the disputed area as defendants' property. On behalf of plaintiffs Donald Watkins, a land surveyor for Rhinevault Surveyors, testified that plaintiffs' property line extends into the lake and then turns westerly into the only outlet of the lake. According to Watkins, the property line follows the shoreline along the southwestern portion of the lake, and the shoreline on a small body of water, which has little or no fluctuation, is the area where the water meets the solid land. Watkins admitted that there were some inaccuracies in a survey prepared by William Capron (hereinafter the Capron survey), which he used in preparing the Rhinevault survey, and that the Rhinevault survey contained some corrected distances obtained from the original field notes of the Capron survey. Watkins also testified to a physical inspection whereby he determined that the area to the southwest of the peninsula contained 1 to 3 feet of

water with weeds and cattails which he described as swampy, an area that he included within the boundaries of the lake. Watkins further testified that the swampy area may have been open water at the time of the original conveyances and became swampy as the result of accretion. He supported his conclusions contained in the Rhinevault survey by the Capron survey, town atlases, railroad maps and other documentary evidence.

Supreme Court's firsthand assessment of the expert testimony of Watkins is entitled to deference (see, Briggs v Di Donna, 176 AD2d 1105, 1107) and its determination to credit the Rhinevault survey is supported by the weight of the credible evidence (see, Levy v Braley, 176 AD2d 1030, 1032-1033). Contrary to defendants' claim that they should have title as upland owners to the land that was created by accretion, Supreme Court's finding that plaintiffs' western boundary is the shoreline as it existed at the time of the original conveyances necessarily makes the "swampy area" part of the lake with title in plaintiffs (cf., Ludington v Marsden, 181 AD2d 176, lv denied 80 NY2d 761). The judgment appealed from should be affirmed.

Mikoll, J. P., Levine, Mercure and Mahoney, JJ., concur. Ordered that the judgment is affirmed, with costs.