(July 26, 1993)

■ Brown & Son Realty, Inc., Respondent, v Florence Greenberg, Defendant and Third-Party Plaintiff, and Michael Schreiber et al., Appellants. Alwayne Construction Corp., Third-Party Defendant. (And a Third-Party Title.) [601 NYS2d 7] —In an action to recover a real estate broker's commission, the defendants Michael Schreiber and Royal Farms, Inc., appeal, as limited by their notice of appeal and brief, from so much of an order of the Supreme Court, Kings County (Ramirez, J.), dated May 10, 1991, as denied their

motion for summary judgment dismissing the complaint insofar as it is asserted against them.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the motion for summary judgment is granted, the complaint is dismissed insofar as it is asserted against Michael Schreiber and Royal Farms, Inc., and the action against the remaining defendant is severed.

Upon a review of the record, we find no evidence of a contractual relationship, promise, or agreement between the broker and the appellants-buyers under which the broker might claim a commission from them regarding the purchase of a commercial building in Brooklyn (see, Lee v Woodward, 259 NY 149, 150; Egan Real Estate v McGraw, 40 AD2d 299, 303; cf., Sheppard Intl. v Vogel, 147 AD2d 351; Interactive Props. v Doyle Dane Bernbach, 125 AD2d 265, lv denied 70 NY2d 613). Thus, even assuming, as we must on this summary judgment motion, that the buyers concealed their interest in the property from the broker and then secretly negotiated for and purchased that property from the owner (see, e.g., Museums at Stony Brook v Village of Patchogue Fire Dept., 146 AD2d 572) the buyers proved their entitlement to judgment as a matter of law. It is undisputed that the broker, at most, merely provided information about the building after the defendant Michael Schreiber had spotted it from the roof of another building he was being shown by the plaintiff's representatives. This was clearly insufficient proof that the broker was the procuring cause of the sale, an essential component of an action to recover a broker's commission (Greene v Hellman, 51 NY2d 197, 205-206; Getreu v Lebowitz, 162 AD2d 585).

We have examined the plaintiff's remaining contention and find it to be without merit (see, Houlihan-Parnes v Citibank, 49 NY2d 761; Pelton Co. v Moundsville Shopping Plaza, 173 AD2d 201). Bracken, J. P., Balletta, Lawrence and Copertino, JJ., concur.