■ RICHARD B. RAKOW, Appellant, v LEINSTONE, INC., et al., Respondents, et al., Defendant. [666 NYS2d 516] —In an action to recover a broker's commission, the plaintiff appeals from (1) an order of the Supreme Court, Westchester County (Cowhey, J.), entered January 7, 1997, which, *inter alia,* granted the motion of the defendants Leinstone, Inc., and Richard Stone for summary judgment dismissing the complaint insofar as asserted against them, and for an award of an attorney's fee pursuant to 22 NYCRR 130-1.1, and (2) a judgment of the same court, dated February 3, 1997, entered on the order, which awarded the defendants Leinstone, Inc., and Richard Stone $2,900 as an attorney's fee.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is modified, as a matter of discretion, by deleting the provision thereof which awarded the sum of $2,900 to the defendants pursuant to 22 NYCRR 130-1.1, and by deleting therefrom the words "the sum of $3100.00" and substituting therefor the words "the sum of $200"; as so modified, the judgment is affirmed; and it is further,

Ordered that the respondents are awarded one bill of costs.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see, Matter of Aho,* 39

NY2d 241, 248). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the judgment (CPLR 5501 [a] [1]).

Contrary to the appellant's contentions, the respondents demonstrated that he had not earned a broker's commission as the "procuring cause" of the lease, and there was no evidence of any agreement to pay a commission (*see, Mollyann, Inc. v Demetriades,* 206 AD2d 415; *Lanstar Intl. Realty v New York News,* 206 AD2d 411; *Brown & Son Realty v Greenberg,* 195 AD2d 583). However, we agree with the appellant that his action, albeit meritless, was not frivolous within the meaning of that term as defined in 22 NYCRR 130-1.1 so as to warrant the award of an attorney's fee pursuant to that section. Bracken, J. P., Thompson, Goldstein and Lerner, JJ., concur.