■ DAGAR GROUP, LTD., Respondent, v HANNAFORD BROS. Co., Appellant. (And a Third-Party Action.) [745 NYS2d 34] —In an action to recover a real estate broker's commission, the defendant appeals, as limited by its brief and by letter dated May 7, 2001, from so much of an order of the Supreme Court, Dutchess County (Pagones, J.), dated November 22, 2000, as denied that branch of its motion which was for summary judgment dismissing the plaintiff's cause of action seeking to recover damages in quantum meruit.

Ordered that the order is affirmed insofar as appealed from, with costs.

In 1995 Dagar Group, Ltd. (hereinafter Dagar), was employed

by Great Atlantic and Pacific Tea Company, Inc. (hereinafter A & P), a tenant in a shopping center, as an exclusive real estate broker to find a new tenant for a Waldbaums, Inc. (hereinafter Waldbaum), store that A & P had decided to close. A & P is the parent company of Waldbaum. Hannaford Bros. Co. (hereinafter Hannaford) was looking to open a new grocery store in that area, and in the fall of 1997, Dagar showed Hannaford Waldbaum's former store, and provided Hannaford with information about the property and details of Waldbaum's lease. Ultimately, Hannaford decided to pursue lease negotiations through the landlord's exclusive brokers rather than through Dagar. Dagar commenced this action against Hannaford asserting, among other things, a cause of action seeking recovery based on quantum meruit. Hannaford appeals from so much of the order as denied that branch of its motion which was for summary judgment in its favor on that cause of action. We affirm insofar as appealed from.

To earn a commission, a broker must prove that he or she had a contract, either express or implied, with the party to be charged with paying the commission and that he or she was the procuring cause of the sale (*see Buck v Cimino,* 243 AD2d 681). Where the broker is not involved in the negotiations leading up to completion of the deal, the broker must establish that he created an amicable atmosphere in which negotiations proceeded or that he generated a chain of circumstances that proximately led to the sale (*id.*). However, it is not enough to merely establish that the broker called the property in question to the attention of the potential buyer or lessor (*see Lanstar Intl. Realty v New York News,* 206 AD2d 411).

The Supreme Court properly denied Hannaford's motion for summary judgment on Dagar's cause of action seeking recovery in quantum meruit. There are issues of fact as to whether Dagar was the procuring cause of Hannaford's lease. Dagar not only introduced Hannaford to the property and gave Hannaford a tour of the property, but at the request of Hannaford, Dagar also provided proprietary lease information. There are also issues of fact as to whether Hannaford and Dagar had an implied contract (*see Sibbald v Bethlehem Iron Co.,* 83 NY 378).

Hannaford's remaining contentions are without merit. Ritter, J.P., Krausman, Friedmann and McGinity, JJ., concur.