■ DAN PANARELLO, Respondent, v JOHN A. SEGALLA, Appellant, et al., Defendant. [757 NYS2d 775] —In an action to re-

cover a real estate broker's commission, the defendant John A. Segalla appeals (1), as limited by his brief, from so much of an order of the Supreme Court, Dutchess Count (Pagones, J.), dated October 1, 2001, as granted the plaintiff's motion for summary judgment on the complaint insofar as asserted against him, (2) from a judgment of the same court, dated January 30, 2002, which, upon the order dated October 1, 2001, is in favor of the plaintiff and against him in the principal sum of $250,000, and (3), as limited by his brief, from so much of an order of the same court, dated February 1, 2002, as, upon renewal of the plaintiff's motion for summary judgment, adhered to its original determination. The notice of appeal from the order dated October 1, 2001, is deemed to also be a notice of appeal from the judgment dated January 30, 2002 (*see* CPLR 5501 [c]).

Ordered that the appeal from the order dated October 1, 2001, is dismissed; and it is further,

Ordered that the judgment is reversed, on the law, the order dated October 1, 2001, is vacated, and the plaintiff's motion for summary judgment is denied; and it is further,

Ordered that the appeal from the order dated February 1, 2002, is dismissed as academic in light of the determination of the appeal from the judgment; and it is further,

Ordered that one bill of costs is awarded to the defendant John A. Segalla.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see Matter of Aho,* 39 NY2d 241, 248 [1976]). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

In this action to recover a real estate broker's commission, the Supreme Court improperly granted the plaintiff's motion for summary judgment on his complaint insofar as asserted against the defendant John A. Segalla. It is well settled that "[t]o earn a commission, a broker must prove that he or she had a contract, either express or implied, with the party to be charged with paying the commission and that he or she was the procuring cause of the sale" (*Dagar Group v Hannaford Bros. Co.,* 295 AD2d 554, 555 [2002] [citations omitted]). Here, a triable issue of fact exists as to whether the plaintiff had a contract with Segalla (*see Sholom & Zuckerbrot Realty Corp. v Citibank,* 205 AD2d 336, 338 [1994]).

In light of this determination, we need not address Segalla's

remaining contentions. Smith, J.P., Goldstein, Friedmann and McGinity, JJ., concur.