■ PETER A. BRANDENBERG et al., Appellants, v WATERS PLACE ASSOCIATES, L.P., Respondent. [794 NYS2d 80]—

In an action to recover damages for breach of a brokerage agreement, the plaintiffs appeal from an order of the Supreme Court, Westchester County (Barone, J.), entered April 22, 2004, which granted the defendant's motion for summary judgment dismissing the complaint and denied, as academic, their cross motion to preclude the defendant from relying upon certain documents and testimony in support of its motion for summary judgment.

Ordered that the order is affirmed, with costs.

The plaintiffs, Peter A. Brandenberg, a licensed real estate broker, and Brandenberg Realty Associates, Inc., were engaged by the defendant, Waters Place Associates, L.P. (hereinafter Waters Place), for the purpose of arranging a lease or sale of its property. The plaintiffs procured a potential tenant, but Waters Place found the potential tenant to be unsuitable. Subsequently, Waters Place leased the property to a third party who subleased the property to the potential tenant the plaintiffs procured for Waters Place approximately five years earlier. The plaintiffs commenced this action to recover a broker's commission arising from the lease. The Supreme Court granted the motion of Waters Place for summary judgment dismissing the complaint. We affirm.

To recover a commission, a broker must establish that he or she is duly licensed, that he or she has a contract, express or implied, with the party charged with paying the commission, and that he or she was the procuring cause of the sale or lease (*see Ormond Park Realty v Round Hill Dev. Corp.*, 266 AD2d

523, 524 [1999]; *Buck v Cimino,* 243 AD2d 681, 684 [1997]; *Mollyann, Inc. v Demetriades,* 206 AD2d 415 [1994]). In opposition to the prima facie showing of Waters Place of entitlement to judgment as a matter of law on the ground that the plaintiffs were not the procuring cause of the lease (*see Greene v Hellman,* 51 NY2d 197 [1980]; *Brown & Son Realty v Greenberg,* 195 AD2d 583, 584 [1993]), the plaintiffs failed to raise a triable issue of fact (*see Winegrad v New York Univ. Med. Ctr.,* 64 NY2d 851 [1985]; *Zuckerman v City of New York,* 49 NY2d 557 [1980]).

In any event, we conclude that the plaintiffs' action is time-barred. Waters Place rejected the potential tenant no later than August 1994, and this action was commenced in May 2001, more than six years later (*see Ely-Cruikshank Co. v Bank of Montreal,* 81 NY2d 399 [1993]).

The plaintiffs' remaining contentions are without merit. Adams, J.P., Luciano, Spolzino and Skelos, JJ., concur.