■ GEORGE A. HAMMER, JR., Appellant, v THOMAS L. GRIFFIN, Respondent. [796 NYS2d 241]—

In an action to recover a real estate broker's commission, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Westchester County (Tolbert, J.), entered December 23, 2004, as denied his cross motion for summary judgment.

Ordered that the order is affirmed insofar as appealed from, with costs.

In this action to recover a real estate broker's commission, the Supreme Court properly denied the plaintiff's cross motion for summary judgment on his complaint. "To earn a commission, a broker must prove that he or she had a contract, either express or implied, with the party to be charged with paying the commission and that he or she was the procuring cause of the sale" (*Dagar Group, Ltd. v Hannaford Bros. Co.,* 295 AD2d 554, 555 [2002] [citation omitted]; see *Panarello v Segalla,* 304 AD2d 734 [2003]).

Here, a triable issue of fact exists as to whether the plaintiff had a contract with the defendant (see *Joseph P. Day Realty Corp. v Chera,* 308 AD2d 148 [2003]; *Dagar Group, Ltd. v Hannaford Bros. Co., supra; Sholom & Zuckerbrot Realty Corp. v Citibank,* 205 AD2d 336, 338 [1994]; cf. *Brown & Son Realty v Greenberg,* 195 AD2d 583 [1993]; *Caltabiano v State Bank of Long Is.,* 59 AD2d 752 [1977], *affd* 44 NY2d 892 [1978]). S. Miller, J.P., Krausman, Fisher and Lifson, JJ., concur.