■ COUNTRY HARBOR REALTY, INC., Respondent, v DANIEL SULLIVAN et al., Appellants. [804 NYS2d 790]—

In an action to recover a real estate broker's commission, the defendants appeal from an order of the Supreme Court, Suffolk County (Jones, Jr., J.), dated December 17, 2004, which denied their motion for summary judgment dismissing the complaint and, upon searching the record, granted summary judgment to the plaintiff.

Ordered that the order is affirmed, with costs.

"Although it is not disputed that the plaintiff was not involved in any of the negotiations that led to the sale, a broker, in order to qualify for a commission, need not necessarily have been involved in the ensuing negotiations or in the completion of the sale" (*Buck v Cimino,* 243 AD2d 681, 684 [1997]; *see Greene v Hellman,* 51 NY2d 197, 205-206 [1980]).

The Supreme Court correctly concluded that the plaintiff created an amicable atmosphere in which negotiations proceeded and generated a chain of circumstances, including, but not limited to, the purchaser's right of first refusal in the initial March 18, 2002, contract of sale, which led to the October 25, 2002, contract of sale. Therefore, the plaintiff established its entitlement to summary judgment as the procuring cause of the sale, and the defendants failed to raise a triable issue of fact (*see Dagar Group v Hannaford Bros. Co.,* 295 AD2d 554, 555 [2002]; *Friedland Realty v Piazza,* 273 AD2d 351 [2000]; *Buck v Cimino, supra* at 684-685).

Although the plaintiff's purported cross motion was defective (*see* CPLR 2215), the Supreme Court had the authority to search the record and award summary judgment to a nonmoving party with respect to an issue that was the subject of the motion before the court (*see Osborne v Zornberg,* 16 AD3d 643, 645 [2005]; *Lacy v New York City Hous. Auth.,* 4 AD3d 455, 456 [2004]; *Micciche v Homes by Timbers,* 1 AD3d 326, 327 [2003]; CPLR 3212 [b]).

The defendants' remaining contentions are without merit. Adams, J.P., Luciano, Mastro and Lunn, JJ., concur.