(November 28, 2006)

■ A-1 REALTY NETWORK OF HOMES, INC., Respondent, v KWANG HO KIM et al., Appellants, et al., Defendants. [826 NYS2d 331]—

In an action, inter alia, to recover a real estate brokerage commission, the defendants Kwang Ho Kim and Myung Sun Kim appeal, as limited by their brief, from so much of an interlocutory judgment of the Supreme Court, Suffolk County

(Werner, J.), entered July 15, 2005, as, upon so much of an order of the same court dated June 2, 2005, as denied their motion for summary judgment dismissing the complaint insofar as asserted against them, and searched the record and awarded the plaintiff summary judgment on its first cause of action against them, is in favor of the plaintiff and against them in the principal sum of $50,000.

Ordered that the interlocutory judgment is reversed insofar as appealed from, on the law, without costs or disbursements, and so much of the order dated June 2, 2005, as searched the record and awarded the plaintiff summary judgment on its first cause of action against the appellants is vacated.

In March 2003 the plaintiff negotiated a sales agreement on behalf of the appellants, pursuant to which the defendants Fran Azzilonna and Greg Shesh (hereinafter collectively referred to as the purchasers) would purchase the appellants' property for the sum of $1.1 million, and the plaintiff would receive a brokerage commission in the sum of $50,000. The appellants and the purchasers closed on the property on December 31, 2003 for the price of $1.1 million and the appellants did not pay the plaintiff a commission. In March 2004 the plaintiff commenced this action, alleging, inter alia, that the appellants owed it a commission in the sum of $50,000. The appellants thereafter moved for summary judgment dismissing the complaint. The Supreme Court, inter alia, denied the appellants' motion and searched the record and awarded the plaintiff summary judgment on its first cause of action against the appellants for the recovery of the $50,000 real estate brokerage commission.

"To recover a commission, a broker must establish that he or she is duly licensed, that he or she has a contract, express or implied, with the party charged with paying the commission, and that he or she was the procuring cause of the sale or lease" (*Brandenberg v Waters Place Assoc., L.P.,* 17 AD3d 615, 616 [2005]). A triable issue of fact exists as to whether the plaintiff was the procuring cause of the sale. The Supreme Court therefore erred in awarding the plaintiff summary judgment on its first cause of action against the appellants.

The appellants' remaining contentions are without merit. Schmidt, J.P., Adams, Santucci and Lifson, JJ., concur.