■ RONALD B. STEED, Doing Business as STEED REAL ESTATE, Appellant, v GILBERT JOBE et al., Defendants and Third-Party Plaintiffs-Respondents. MICHAEL W. MALARNEY, Third-Party Defendant-Respondent. [832 NYS2d 808]—In an action to recover a real estate brokerage commission, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Dutchess County (Dolan, J.), dated December 14, 2005, as denied that branch of his motion which was for summary judgment on the complaint.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs payable to the respondents appearing separately and filing separate briefs.

The Supreme Court properly denied that branch of the plaintiff's motion which was for summary judgment on the complaint. "To earn a commission, a broker must prove that he or she had a contract, either express or implied, with the party to be charged with paying the commission and that he or she was the procuring cause of the sale" (*Dagar Group v Hannaford Bros. Co.*, 295 AD2d 554, 555 [2002]; *see Hammer v Griffin*, 19 AD3d 450 [2005]). Here, a triable issue of fact exists as to whether the plaintiff was the procuring cause of the sale (*see A-1 Realty Network of Homes, Inc. v Kwang Ho Kim*, 34 AD3d

705, 706 [2006]). Miller, J.P., Ritter, Covello and McCarthy, JJ., concur.