# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**550**

**CA 11-02222**

PRESENT: CENTRA, J.P., PERADOTTO, SCONIERS, AND MARTOCHE, JJ.

---

CB RICHARD ELLIS-BUFFALO, LLC,
PLAINTIFF-APPELLANT,

V                                         MEMORANDUM AND ORDER

KUNVARJI HOTELS, INC. AND BHAGWANJI KUNVARJI,
DEFENDANTS-RESPONDENTS.

---

LEWANDOWSKI & ASSOCIATES, WEST SENECA (LINDSAY M. SWENSEN OF COUNSEL),
FOR PLAINTIFF-APPELLANT.

DAMON MOREY LLP, BUFFALO (BRIAN D. GWITT OF COUNSEL), FOR
DEFENDANTS-RESPONDENTS.

---

Appeal from an order of the Supreme Court, Erie County (John A.
Michalek, J.), entered July 21, 2011 in a breach of contract action.
The order, inter alia, granted defendants' motion to dismiss
plaintiff's complaint.

It is hereby ORDERED that the order so appealed from is
unanimously affirmed without costs.

Memorandum: Plaintiff, a real estate broker, commenced this
action seeking to recover the commission allegedly due for services it
provided to defendants in connection with the lease of commercial real
property by defendant Kunvarji Hotels, Inc. (KHI). Supreme Court
properly granted defendants' motion to dismiss the complaint and
denied plaintiff's cross motion seeking partial summary judgment on
liability with respect to the breach of contract and quantum meruit
causes of action. Pursuant to CPLR 213, a six-year limitations period
applies to the causes of action premised upon breach of contract (*see
Ely-Cruikshank Co. v Bank of Montreal*, 81 NY2d 399, 402-403), quantum
meruit (*see Erdheim v Gelfman*, 303 AD2d 714, 714, *lv denied* 100 NY2d
514), and unjust enrichment (*see Sirico v F.G.G. Prods., Inc.*, 71 AD3d
429, 434). Each of those causes of action accrued when plaintiff
earned its commission, i.e., the date on which KHI and the tenant
executed the lease agreement (*see Feinberg Bros. Agency v Berted
Realty Co.*, 70 NY2d 829, 830; *Gronich & Co. v 649 Broadway Equities
Co.*, 169 AD2d 600, 602). The lease agreement was executed in January
2005 and the instant action was commenced more than six years later,
on February 23, 2011. Thus, the causes of action at issue are time-
barred.

The court properly denied plaintiff's cross motion on the further

ground that issue had not been joined (*see* CPLR 3212 [a]; *Matter of Estate of Jason v Herdman*, 70 AD3d 1382).  Finally, we note that plaintiff has not raised any contention in its brief concerning the dismissal of the two remaining causes of action, and thus it has abandoned any issues with respect thereto (*see Ciesinski v Town of Aurora*, 202 AD2d 984, 984).

Entered:  April 20, 2012

Frances E. Cafarell
Clerk of the Court