■ ZERE REAL ESTATE SERVICES, INC., Formerly Known as ZERE ASSOCIATES, INC., Respondent-Appellant, v PARR GENERAL CONTRACTING COMPANY, INC., et al., Appellants-Respondents. [958 NYS2d 708]—

In an action, inter alia, to recover damages in quantum meruit, the defendants appeal from a judgment of the Supreme Court, Suffolk County (Pines, J.), entered July 21, 2011, which, upon a decision of the same court dated April 19, 2011, made after a nonjury trial, finding, inter alia, that the plaintiff was entitled to a broker's fee under a theory of quantum meruit, is in favor of the plaintiff and against them in the principal sum of

$307,000, and the plaintiff cross-appeals from so much of the same judgment as limited its award to 1.5% of the value of the initial construction cost of the subject project.

Ordered that the judgment is affirmed, without costs or disbursements.

This action arose out of a dispute between Marie Zere, a New York licensed commercial real estate broker and owner of the plaintiff, Zere Real Estate Services, Inc., formerly known as Zere Associates, Inc., and Ronald Parr, president and sole shareholder of the defendants, Parr General Contracting Company, Inc., Parr Development Corp., and Parr Organization, Inc., over what role, if any, Zere played in the retention, in January 2005, of Parr Organization, Inc., as the general contractor supervising construction of the Touro Law Center (hereinafter the project) in Central Islip. By order dated January 14, 2011, the Supreme Court directed the dismissal of the complaint insofar as asserted against Ronald Parr, individually.

There is no merit to the defendants' contention that the action is barred by the six-year statute of limitations because the action accrued in 1994, and the action was commenced in December 2007. "As a general principle, the statute of limitations begins to run when a cause of action accrues (*see* CPLR 203 [a]), that is, 'when all of the facts necessary to the cause of action have occurred so that the party would be entitled to obtain relief in court' " (*Hahn Automotive Warehouse, Inc. v American Zurich Ins. Co.*, 18 NY3d 765, 770 [2011], quoting *Aetna Life & Cas. Co. v Nelson*, 67 NY2d 169, 175 [1986]; *see Town of Poughkeepsie v Espie*, 41 AD3d 701, 704 [2007]). " '[W]hen the right to final payment is subject to a condition, the obligation to pay arises, and the cause of action accrues, only when the condition has been fulfilled' " (*Hahn Automotive Warehouse, Inc. v American Zurich Ins. Co.*, 18 NY3d at 770, quoting *John J. Kassner & Co. v City of New York*, 46 NY2d 544, 550 [1979]). In the case of a broker, the broker's right to final payment is subject to a condition, specifically, the completion of the deal brokered, which in this case, was the execution of the contract procured through the broker's services, since only then does the broker possess a legal right to demand payment (*see e.g. CB Richard Ellis-Buffalo, LLC v Kunvarji Hotels, Inc.*, 94 AD3d 1458, 1458 [2012]; *Gronich & Co. v 649 Broadway Equities Co.*, 169 AD2d 600, 602 [1991]). Here, the Supreme Court properly determined that the cause of action to recover damages in quantum meruit accrued less than six years before commencement of this action, specifically, on January 25, 2005, the date on which one of Parr's organizations entered into a

construction contract with Touro, since only then did the plaintiff possess a legal right to demand payment.

To the extent the defendants challenge the legal sufficiency of the evidence, the issue is unpreserved for appellate review, since they failed to move pursuant to CPLR 4401 for judgment as a matter of law at the close of the evidence (*see Miller v Miller*, 68 NY2d 871, 873 [1986]; *Zere Real Estate Servs., Inc. v Adamag Realty Corp.*, 60 AD3d 758, 759 [2009]).

The defendants' contention that the Supreme Court's findings were contrary to the weight of the evidence is without merit. "Although an appellate court's authority in reviewing a nonjury determination is as broad as that of the trial court, due deference is given to the trial court's determination, taking into account that in a close case the trial judge has the advantage of seeing and hearing the witnesses" (*Marinoff v Natty Realty Corp.*, 34 AD3d 765, 767 [2006]; *see Northern Westchester Professional Park Assoc. v Town of Bedford*, 60 NY2d 492, 499 [1983]; *Lelekakis v Kamamis*, 41 AD3d 662, 664 [2007]; *Losner v Cashline, L.P.*, 41 AD3d 789, 790 [2007]; *Healy v Williams*, 30 AD3d 466, 468 [2006]).

"In order to succeed on a cause of action to recover in quantum meruit, the plaintiff must prove (1) the performance of services in good faith, (2) the acceptance of the services by the person to whom they were rendered, (3) an expectation of compensation therefor, and (4) the reasonable value of the services" (*Tesser v Allboro Equip. Co.*, 73 AD3d 1023, 1026 [2010]; *see Evans-Freke v Showcase Contr. Corp.*, 85 AD3d 961, 962 [2011]; *Miranco Contr., Inc. v Perel*, 57 AD3d 956, 957 [2008]). Here, contrary to the defendants' contentions, the evidence overwhelmingly established that, starting in December 1992, Zere provided brokerage services to Parr in connection with the project, that Parr accepted those services, that those services ultimately resulted in the award of the construction contract to Parr's companies, and that both Zere and Parr expected that, if the deal went through, Zere would be compensated for services rendered. Most significant, and properly accorded weight by the Supreme Court, was Parr's admission in a letter to Zere, dated May 29, 1998, that "should Parr General Contracting Company, Inc., or any of its affiliates enter into a formal agreement with Touro Law School, either as a General Contractor or Construction Manager, Zere Associates, Inc. will be recognized as the broker who brought about this agreement." In the same letter, Parr stated that the brokerage fee would be "the subject of further discussion and negotiation between Marie Zere and [him]." The evidence also included recordings of telephone conversa-

tions between Zere and Parr, recorded without Parr's knowledge, containing additional admissions by Parr acknowledging Zere's role in bringing about the contract, and explicitly discussing with her how much of Zere's commission he would include as a line item in the budget he submitted to Touro, and how much he would "build into" the total cost of construction.

There is no merit to the defendants' contention that Zere failed to establish that she was the procuring cause of the 2005 construction contract. A broker is entitled to recover a commission upon establishing that it "(1) is duly licensed, (2) had a contract, express or implied, with the party to be charged with paying the commission, and (3) was the procuring cause of the [transaction]" (*Hentze-Dor Real Estate, Inc. v D'Allessio*, 40 AD3d 813, 815 [2007]; *see Poznanski v Wang*, 84 AD3d 1048, 1049 [2011]; *Stanzoni Realty Corp. v Landmark Props. of Suffolk, Ltd.*, 19 AD3d 582, 583 [2005]; *Friedland Realty v Piazza*, 273 AD2d 351, 351 [2000]). It is undisputed that Zere was a licensed real estate broker, and the Supreme Court found that Zere had an implied contract with Parr and his companies. To establish that a broker was the procuring cause of a transaction, the broker must establish that there was "a direct and proximate link, as distinguished from one that is indirect and remote, between the bare introduction and the consummation" (*Hentze-Dor Real Estate, Inc. v D'Allessio*, 40 AD3d 813, 816 [2007] [internal quotation marks and citations omitted]; *see Greene v Hellman*, 51 NY2d 197, 205-206 [1980]; *Finley v Amyot*, 285 AD2d 946, 948 [2001]; *Goldstein v Ballirano*, 262 AD2d 529, 530 [1999]). "Where the broker is not involved in the negotiations leading up to the completion of the deal, the broker must establish that [it] created an amicable atmosphere in which negotiations proceeded or that [it] generated a chain of circumstances that proximately led to the [transaction]" (*Dagar Group v Hannaford Bros. Co.*, 295 AD2d 554, 555 [2002]; *see Hentze-Dor Real Estate, Inc. v D'Allessio*, 40 AD3d at 816; *Country Harbor Realty, Inc. v Sullivan*, 23 AD3d 606, 606 [2005]; *Friedland Realty v Piazza*, 273 AD2d at 351; *Buck v Cimino*, 243 AD2d 681, 684 [1997]).

Here, the Supreme Court's conclusion that Zere was the procuring cause of the 2005 construction contract is supported by Parr's admission, in the May 29, 1998, letter, that Zere would be recognized "as the broker *who brought about this agreement*" (emphasis added), thereby admitting that Zere had "generated a chain of circumstances that proximately led to the [subject transaction]" (*Dagar Group v Hannaford Bros. Co.*, 295 AD2d at 555; *see Hentze-Dor Real Estate, Inc. v D'Allessio*,

40 AD3d at 816; *Country Harbor Realty, Inc. v Sullivan*, 23 AD3d at 606; *Friedland Realty v Piazza*, 273 AD2d at 351; *Buck v Cimino*, 243 AD2d at 684).

As to the Supreme Court's determination that Zere was only entitled to a commission of 1.5% of the contract amount, "where the trial court is called upon to assess the credibility and weight to be accorded to divergent expert opinions, its factual determinations should not be lightly cast aside" (*JP Morgan Chase Bank v Whitmore*, 41 AD3d 433, 434 [2007]; *see Hoffinger Indus., Inc. v Alabama Ave. Realty, Inc.*, 68 AD3d 818, 820 [2009]; *Matter of Winston*, 39 AD3d 765, 767 [2007]). Rather, the "Supreme Court's firsthand assessment of the expert testimony . . . is entitled to deference" (*Stratton v Keefe*, 191 AD3d 871, 873 [1993]). Here, the court was faced with divergent expert opinions as to whether the commission for brokering a large transaction such as the one here, with a construction cost of approximately $20 million, would be the usual 6% of the contract amount, or only 1 to 2%. There is no basis in the record for disturbing the court's determination to credit the defendants' expert over the plaintiff's experts.

The defendants' remaining contentions either are without merit, are improperly raised for the first time on appeal, or have been rendered academic in light of our determination. Angiolillo, J.P., Dickerson, Hall and Austin, JJ., concur.