State of New York v Williams (2024 NY Slip Op 00709)

State of New York v Williams

2024 NY Slip Op 00709

Decided on February 9, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 9, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: LINDLEY, J.P., CURRAN, MONTOUR, GREENWOOD, AND DELCONTE, JJ.

635 CA 22-01550

[*1]STATE OF NEW YORK, PLAINTIFF-APPELLANT,
v
CHRISTOPHER P. WILLIAMS, II, ALSO KNOWN AS CHRISTOPHER WILLIAMS, DEFENDANT-RESPONDENT. 

LETITIA JAMES, ATTORNEY GENERAL, ALBANY (SEAN P. MIX OF COUNSEL), FOR PLAINTIFF-APPELLANT. 
ANTHONY J. PIETRAFESA, SYRACUSE, FOR DEFENDANT-RESPONDENT. 

 Appeal from an order of the Supreme Court, Onondaga County (Joseph E. Lamendola, J.), entered April 11, 2022. The order granted the motion of defendant for summary judgment and dismissed plaintiff's complaint. 
It is hereby ORDERED that the order so appealed from is unanimously reversed on the law without costs, the motion is denied, and the complaint is reinstated.
Memorandum: Plaintiff, State of New York (State), commenced this action by asserting a single cause of action under a theory of quantum meruit seeking, inter alia, payment for medical services rendered to defendant by SUNY Upstate Medical University. Supreme Court granted defendant's motion for summary judgment dismissing the complaint as time-barred. We reverse.
Pursuant to CPLR 213, a six-year limitations period applies to a cause of action premised upon quantum meruit (see CB Richard Ellis-Buffalo, LLC v Kunvarji Hotels, Inc., 94 AD3d 1458, 1458 [4th Dept 2012]). Defendant met his initial burden of establishing that the State's cause of action accrued on January 4, 2015, and thus that the action commenced on August 17, 2021 was untimely (see generally Meredith v Siben & Siben, LLP, 130 AD3d 791, 791-792 [2d Dept 2015], lv denied 26 NY3d 910 [2015]). We agree with the State, however, that the action was timely commenced (see generally Murphy v Harris, 210 AD3d 410, 411 [1st Dept 2022]).
"A toll does not extend the statute of limitations indefinitely but merely suspends the running of the applicable statute of limitations for a finite and, in this instance, readily identifiable time period" (Chavez v Occidental Chem. Corp., 35 NY3d 492, 505 n 8 [2020], rearg denied 36 NY3d 962 [2021]). "[T]he period of the toll is excluded from the calculation of the time in which the plaintiff can commence an action" (id.). In response to the COVID-19 pandemic, on March 20, 2020, the Governor issued Executive Order (A. Cuomo) No. 202.8 (9 NYCRR 8.202.8), which tolled "any specific time limit for the commencement, filing, or service of any legal action, notice, motion, or other process or proceeding, as prescribed by the procedural laws of the state, including but not limited to . . . the civil practice law and rules . . . from the date of this order until April 19, 2020." The Governor later issued a series of nine subsequent executive orders that extended the tolling period through November 3, 2020 (see Executive Order [A. Cuomo] Nos. 202.14 [9 NYCRR 8.202.14], 202.28 [9 NYCRR 8.202.28], 202.38 [9 NYCRR 8.202.38], 202.48 [9 NYCRR 8.202.48], 202.55 [9 NYCRR 8.202.55], 202.55.1 [9 NYCRR 8.202.55.1], 202.60 [9 NYCRR 8.202.60], 202.67 [9 NYCRR 8.202.67], 202.72 [9 NYCRR 8.202.72]). Thus, here, the statute of limitations was tolled from March 20, 2020, at which time 289 days remained in the limitations period, until November 3, 2020, and thereafter the "statute of limitations began to run again, expiring on [August 19, 2021]" (Matter of New York City Tr. Auth. v American Tr. Ins. Co., 211 AD3d 643, 643 [2d Dept 2022]). The action was therefore timely commenced on August 17, 2021 (see Murphy, 210 AD3d at 411; [*2]Brash v Richards, 195 AD3d 582, 585 [2d Dept 2021]; cf. Matter of Roach v Cornell Univ., 207 AD3d 931, 933 [3d Dept 2022]).
Although the court concluded that the toll is inapplicable here because the State could have commenced the action within the statute of limitations at any point between January 4, 2015 and March 20, 2020, as well as between November 3, 2020 and January 4, 2021, we disagree. "[A] toll operates to compensate a claimant for the shortening of the statutory period in which it must commence . . . an action, irrespective of whether the stay has actually deprived the claimaint of any opportunity to do so" (Lubonty v U.S. Bank, N.A., 34 NY3d 250, 256 [2019], rearg denied 34 NY3d 1149 [2020]; see Matter of Hickman [Motor Veh. Acc. Indem. Corp.], 75 NY2d 975, 977 [1990]). Thus, the State was entitled to the benefit of tolling of the statute of limitations for the 228-day period set forth in the executive orders.
Entered: February 9, 2024
Ann Dillon Flynn
Clerk of the Court