Christopher v Topakian (2022 NY Slip Op 51101(U))

[*1]

Christopher v Topakian

2022 NY Slip Op 51101(U) [77 Misc 3d 126(A)]

Decided on October 14, 2022

Appellate Term, Second Department

Published by New York State Law Reporting
Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on October 14, 2022
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 9th and 10th JUDICIAL DISTRICTS
PRESENT: : ELIZABETH H. EMERSON, J.P., JERRY GARGUILO, TIMOTHY
S. DRISCOLL, JJ

2021-547 N C

Francis Q. Christopher,
Respondent,
against
Edmond Topakian and Precision AutoWorks, Appellants,
Georgeiu I. Kamberov, Defendant. 

Edmond Topakian, appellant pro se.
Francis Q. Christopher, respondent pro se (no brief filed).

Appeal from a judgment of the District Court of Nassau County, Fourth District
(David I. Levine, J.), entered August 25, 2021. The judgment, insofar as appealed from,
after a nonjury trial, awarded plaintiff the principal sum of $1,600 against defendants
Edmond Topakian and Precision AutoWorks.

ORDERED that the judgment, insofar as appealed from, is reversed, without costs,
and the matter is remitted to the District Court for the entry of a judgment dismissing the
action against defendants Edmond Topakian and Precision AutoWorks.
In this small claims action, plaintiff seeks to recover the principal sum of $3,300,
based on his purchase of an allegedly defective used 2001 Volkswagen automobile.
Plaintiff's testimony at the nonjury trial established that, although plaintiff had initially
thought that the car was a 2003 Volkswagen with approximately 88,000 miles on the
odometer, he had taken it for a test drive and knew that it was a 2001 Volkswagen with
approximately 111,000 miles on the odometer when he purchased it, in the summer of
2020, for $1,600 from defendant Edmond Topakian's business, defendant Precision
AutoWorks (Precision). The receipt stated that the car was sold with "no warranty as is.
Thank you. No Refunds." The same day as the purchase, the car broke down and was
towed to Precision, which repaired it and returned it to plaintiff within one or two days.
There was no evidence as to what the initial repair entailed. 
While plaintiff failed to testify as to the exact date of his purchase, his evidence
indicated that, following the initial repair, he drove the car for close to a month before
returning it to Precision for additional repairs in early September 2020. Plaintiff paid
$426 for the installation of a used replacement turbocharger, gaskets, oil and coolant.
The car overheated soon after plaintiff regained possession of it, whereupon he took it to
an AutoZone mechanic, who, plaintiff said, had diagnosed a problem with the timing
belt. An "AutoZone Health Report" plaintiff introduced into evidence referred to a
problem with the Bank 1 Intake Camshaft Position Timing and the Bank 1 Fuel Trim.
The vehicle identification number (VIN) on the AutoZone Health Report differed from
the VIN for the car plaintiff had purchased from defendant Precision and set forth
"mileage reported" of 190,000.
Plaintiff stated that he sought to recover $3,300 based on the purchase price and
other charges he had incurred, such as automobile insurance and payments he had made
to Uber drivers while the car was out of service. He failed, however, to document those
expenses.
Defendant Topakian testified that he had driven the car for six months with no
problems prior to its sale to plaintiff. He said that, shortly following plaintiff's purchase
of the car, it had stalled because it had run out of gas. Mr. Topakian attributed other
problems that arose following the purchase to plaintiff's poor driving technique.
Following the trial, the District Court awarded plaintiff a judgment in the principal
sum of $1,600. Topakian and Precision appeal from so much of the judgment as is
against them.
In a small claims action, our review is limited to a determination of whether
"substantial justice has . . . been done between the parties according to the rules and
principles of substantive law" (UDCA 1807; see UDCA 1804; Ross v
Friedman, 269 AD2d 584 [2000]; Williams v Roper, 269 AD2d 125, 126
[2000]). The determination of a trier of fact as to issues of credibility is given substantial
deference, as a trial court's opportunity to observe and evaluate the testimony and
demeanor of the witnesses affords it a better perspective from which to assess their
credibility (see Vizzari v State of New York, 184 AD2d 564 [1992]; Kincade
v Kincade, 178 AD2d 510, 511 [1991]). However, even though this deference
applies with greater force to judgments rendered in the Small Claims Part of the court
(see Williams v Roper, 269 AD2d at 126), in reviewing a determination made
after a nonjury trial, the power of this court is as broad as that of the trial court, and this
court may render the judgment it finds warranted by the facts (see Omwathath v
Mootoosammy, 55 Misc 3d 136[A], 2017 NY Slip Op 50500[U] [App Term, 2d
Dept, 2d, 11th & 13th Jud Dists 2017]; see also Northern Westchester
Professional Park Assoc. v Town of Bedford, 60 NY2d 492, 499 [1983]).
Since defendant Topakian was served at his place of business within Nassau County,
there is no merit to his contention that, because he resided outside the State of New York,
he was not subject to the jurisdiction of the District Court of Nassau County (see
UDCA 1801, 1803). We also reject his claim that he could not be liable for
Precision's actions, since he testified that Precision was his company and he did not
indicate that it is incorporated.
However, since the car had over 100,000 miles on its odometer, plaintiff was not
entitled to any protection under the Used Car Lemon Law (see General Business
Law § 198-b [b] [1], [2]). While defendant Topakian implicitly warranted that the
car was "in condition and repair to render satisfactory and adequate service upon the
public highway at the time of delivery" (Vehicle and Traffic Law § 417), plaintiff
failed to identify the reason that the car was towed on [*2]its first day of use, and, after it was repaired, plaintiff
continued to use the car for almost a month. Thus, plaintiff failed to establish defendant
Topakian's liability under Vehicle and Traffic Law § 417. Without reaching the
issue of whether the exclusions of warranties on the bill of sale and receipt for the car
were sufficient to exclude any implied warranties (see UCC 2-316 [2], [3] [a]),
we find that, in any event, plaintiff failed to adequately prove that the car had specific
defects which rendered it unfit for the ordinary purposes for which it was intended to be
used or otherwise constituted a breach of the implied warranty of merchantability at the
time of the sale (see Morris v
Dunaif, 59 Misc 3d 129[A], 2018 NY Slip Op 50409[U], *1 [App Term, 2d
Dept, 9th & 10th Jud Dists 2018]; Ewen v Congers Auto Sales, Inc., 39
Misc 3d 145[A], 2013 NY Slip Op 50844[U], *1 [App Term, 2d Dept, 9th & 10th
Jud Dists 2013]). Thus, the evidence was inadequate to support a judgment in favor of
plaintiff under any theory of liability. Consequently, the judgment did not provide the
parties with substantial justice according to the rules and principles of substantive law
(see UDCA 1804, 1807). 
Accordingly, the judgment, insofar as appealed from, is reversed and the matter is
remitted to the District Court for the entry of a judgment dismissing the action against
defendants Edmond Topakian and Precision AutoWorks.
EMERSON, J.P., GARGUILO and DRISCOLL, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: October 14, 2022