Kobelin v Syosset Core Group, LLC (2023 NY Slip Op 50785(U))

[*1]

Kobelin v Syosset Core Group, LLC

2023 NY Slip Op 50785(U)

Decided on July 13, 2023

Appellate Term, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on July 13, 2023
SUPREME COURT, APPELLATE TERM, SECOND DEPARTMENT, 9th and 10th JUDICIAL DISTRICTS
PRESENT: : JERRY GARGUILO, P.J., ELIZABETH H. EMERSON, JAMES P. McCORMACK, JJ

2022-118 N C

Heath Kobelin, Appellant,
against
Syosset Core Group, LLC, Doing Business as Keller Williams-Greater Nassau and Cappers United, LLC, Doing Business as Keller Williams Realty of Greater Nassau, Respondents. 

Laboy Law Group, P.C. (Luis Raul Laboy of counsel), for appellant.
The Sklavos Law Group, PC (Alexander E. Sklavos of counsel), for respondents.

Appeal from a judgment of the District Court of Nassau County, Third District (Vincent T. Muscarella, J.), entered January 19, 2022. The judgment, after a nonjury trial, dismissed the action.

ORDERED that the judgment is modified by vacating so much thereof as dismissed the action against defendant Cappers United, LLC, doing business as Keller Williams Realty of Greater Nassau, and the matter is remitted to the District Court for a new trial limited to the issue of damages against that defendant; as so modified, the judgment is affirmed, without costs; and it is further,
ORDERED that the Clerk of the District Court of Nassau County, Third District, or his or her designee shall amend the caption of the action to reflect the true name of defendant Cappers United, LLC, doing business as Keller Williams Realty of Greater Nassau, sued herein as Unlimited Cappers, LLC, doing business as Keller Williams Realty of Greater Nassau.
In this small claims action, plaintiff, a licensed real estate salesman, seeks to recover the principal sum of $5,000 from defendants based on their failure to pay him his alleged share of a commission. At a nonjury trial, it was established that, shortly after obtaining a license to sell real estate, plaintiff sought mentoring from licensed real estate broker Joseph DeVito at defendant Cappers United, LLC, doing business as Keller Williams Realty of Greater Nassau [*2](KW), sued herein as Unlimited Cappers, LLC, doing business as Keller Williams Realty of Greater Nassau. In mid-November 2017, after entering into an independent contractor agreement with defendant KW, plaintiff began working as a real estate salesman on defendant KW's "DeVito Team." In his role as plaintiff's mentor, DeVito advised plaintiff about how to communicate with clients and provided plaintiff with access to lists of potential clients and properties, among other things. Although the copy of the independent contractor agreement plaintiff introduced into evidence was only signed by plaintiff, defendant did not dispute that it constituted the parties' agreement. The independent contractor agreement accorded plaintiff a right to earn commissions and did not include any provisions respecting a probationary period before such commissions could be earned.
Soon after he began his association with defendant KW and DeVito, plaintiff contacted an individual (purchaser) whose name appeared in DeVito's database of potential clients. After informing purchaser about a number of other properties and visiting them with her, plaintiff showed purchaser a house which, although it had not yet been listed for sale, was made available for showing through DeVito. Plaintiff visited the house with purchaser on several occasions, told her about the $400,000 asking price, informed purchaser about the taxes on the house, and communicated with purchaser concerning her mortgage application and approval. Through plaintiff, purchaser initially offered $375,000 to purchase the house and then increased her offer to $390,000, which offer was ultimately accepted. On December 5, 2017, the seller's attorney sent a contract to purchaser's attorney. 
On December 15, 2017, DeVito terminated plaintiff from his team for personal reasons. In January 2018, a contract to purchase the house was signed, and the sale of the house to purchaser, for an effective price of $390,000, closed on April 6, 2018. Plaintiff was not paid a commission. DeVito testified that, although defendant KW's Agent Leadership Council had determined that plaintiff was not entitled to any compensation because the listing had been DeVito's and because plaintiff was a probationary employee, he had voluntarily offered plaintiff a referral fee, which he had then "decided" to pay to plaintiff's then-girlfriend, with whom plaintiff had worked at defendant KW.
Following the trial, the District Court dismissed the action upon a finding that plaintiff had failed to establish that he was the procuring cause of the sale to purchaser.
In a small claims action, this court's review is limited to a determination of whether "substantial justice has . . . been done between the parties according to the rules and principles of substantive law" (UDCA 1807; see UDCA 1804; Ross v Friedman, 269 AD2d 584 [2000]; Williams v Roper, 269 AD2d 125 [2000]). Furthermore, the determination of a trier of fact as to issues of credibility is given substantial deference, as a trial court's opportunity to observe and evaluate the testimony and demeanor of the witnesses affords it a better perspective from which to assess their credibility (see Vizzari v State of New York, 184 AD2d 564 [1992]; Kincade v Kincade, 178 AD2d 510, 511 [1991]). However, even though this deference applies with greater force to judgments rendered in the Small Claims Part of the court (see Williams v Roper, 269 AD2d at 126), in reviewing a determination made after a nonjury trial, the power of this court is as broad as that of the trial court, and this court may render the judgment it finds warranted by the facts (see Christopher v Topakian, 77 Misc 3d 126[A], 2022 NY Slip Op 51101[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2022]; see also Northern Westchester Professional Park [*3]Assoc. v Town of Bedford, 60 NY2d 492, 499 [1983]).
There was no evidence suggesting that defendant Syosset Core Group, LLC, doing business as Keller Williams-Greater Nassau had any connection with plaintiff with respect to the transaction in issue; we thus conclude that the District Court properly dismissed the action against that defendant, albeit on other grounds.
To establish his entitlement to a commission, it was incumbent on plaintiff, who was a licensed real estate salesperson associated with a licensed real estate broker (see Real Property Law §§ 442-a, 442-d), to establish that he was the "procuring cause" of the sale, by demonstrating "a direct and proximate link, as distinguished from one that is indirect and remote between the bare introduction of the parties to the transaction and the consummation of the sale" (Saunders Ventures, Inc. v Catcove Group, Inc., 209 AD3d 893, 896 [2022] [internal quotation marks omitted]; see Greene v Hellman, 51 NY2d 197, 206 [1980]). Here, it was uncontested that plaintiff introduced purchaser to the premises and brought purchaser to the premises on more than one occasion, provided information to purchaser concerning the premises, and obtained the offer for the sale of the premises which was ultimately accepted. Thus, even though plaintiff was not involved in the completion of the transaction, plaintiff "generated a chain of circumstances that proximately led" to its consummation (Gluck & Co. Realtors, LLC v Burger King Corp., 164 AD3d 562, 563 [2018]; see also Zere Real Estate Servs., Inc. v Parr Gen. Contr. Co., Inc., 102 AD3d 770, 773 [2013]; Dagar Group v Hannaford Bros. Co., 295 AD2d 554, 555 [2002]), and, we conclude, established that he was the "procuring cause" of the sale. Consequently, the dismissal of the action as against defendant KW failed to render substantial justice between the parties (see UDCA 1804, 1807). However, we are unable to determine from the record the amount of the commission to which plaintiff is entitled.
We decline to consider arguments raised for the first time on appeal (see Joe v Upper Room Ministries, Inc., 88 AD3d 963 [2011]; Collens v Sayegh, 64 Misc 3d 145[A], 2019 NY Slip Op 51302[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2019]).
Accordingly, the judgment is modified by vacating so much thereof as dismissed the action against defendant Cappers United, LLC, doing business as Keller Williams Realty of Greater Nassau, and the matter is remitted to the District Court for a new trial limited to the issue of damages against that defendant.
We note that defendant Cappers United, LLC, doing business as Keller Williams Realty of Greater Nassau, was named herein as Unlimited Cappers, LLC, doing business as Keller Williams Realty of Greater Nassau. The evidence at trial demonstrated that this defendant was sued in the wrong name. Thus, the Clerk of the District Court of Nassau County, Third District, or his or her designee, is directed to amend the caption of the action to reflect the true name of defendant Cappers United, LLC, doing business as Keller Williams Realty of Greater Nassau (see UDCA 1814 [c]), and we have amended the caption of the appeal accordingly.
GARGUILO, P.J., EMERSON and McCORMACK, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: July 13, 2023