Kobelin v Syosset Core Group, LLC (2024 NY Slip Op 51551(U))

[*1]

Kobelin v Syosset Core Group, LLC

2024 NY Slip Op 51551(U)

Decided on November 7, 2024

Appellate Term, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on November 7, 2024
SUPREME COURT, APPELLATE TERM, SECOND DEPARTMENT, 9th and 10th JUDICIAL DISTRICTS
PRESENT: : JERRY GARGUILO, P.J., TIMOTHY S. DRISCOLL, ELENA GOLDBERG-VELAZQUEZ, JJ

2023-1023 N C

Heath Kobelin, Appellant, 
against
Syosset Core Group, LLC, Doing Business as Keller Williams-Greater Nassau, Defendant, 
 and Cappers United, LLC, Doing Business as Keller Williams Realty of Greater Nassau, Respondent. 

Heath Kobelin, appellant pro se.
DeVito & Associates, PC (Joseph DeVito, Esq.), for respondent (no brief filed).

Appeal, on the ground of inadequacy, from a judgment of the District Court of Nassau County, Third District (Arieh D. Schulman, J.), entered August 22, 2023. The judgment, after a nonjury trial, awarded plaintiff the principal sum of $2,496 as against defendant Cappers United, LLC, Doing Business as Keller Williams Realty of Greater Nassau.

ORDERED that the judgment is modified by increasing the award in favor of plaintiff as against defendant Cappers United, LLC, Doing Business as Keller Williams Realty of Greater Nassau to the principal sum of $4,992; as so modified, the judgment is affirmed, without costs.
In this small claims action, plaintiff, a licensed real estate salesman, seeks to recover the principal sum of $5,000, alleging that Cappers United, LLC, Doing Business as Keller Williams Realty of Greater Nassau (defendant) and Syosset Core Group, LLC, Doing Business as Keller Williams-Greater Nassau (Syosset) were contractually obligated to pay him a commission. This court previously determined that plaintiff, who had worked as a real estate salesman on defendant's "DeVito Team" pursuant to an independent contractor agreement (the Contract) with defendant, had been the "procuring cause" of the sale of premises for $390,000 but had not been paid a commission. Upon affirming the dismissal of the action against Syosset, we remitted the matter to the District Court for a trial to determine the amount of the commission which plaintiff was entitled to receive from defendant (Kobelin v Syosset Core Group, LLC, 79 Misc 3d 131[A], 2023 NY Slip Op 50785[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2023]).
Upon remittal, at a nonjury trial, plaintiff appeared pro se and defendant was represented by Joseph DeVito, who indicated that he had an equity interest in defendant and said he had been the "rainmaker" on the "DeVito Team." It was established that plaintiff had worked as a buyer's agent in the sale of the premises, and that, under the Contract, the gross commission rate for the buyer's agent was 2% of the sales price, or $7,800, of which 30% was to "be retained by the Market Center" and an additional 6% was to be "retained" by the "Licensee," leaving a net commission of 64% of 2% of the sales price, or $4,992. DeVito claimed that, as rainmaker, he was entitled to 50% of the commission due to the buyer's agent, and that plaintiff was entitled to only half the net commission, or $2,496. In support of that claim, DeVito relied on language in Rider A to the Contract, which stated: "Listing & Buyers Agents cannot be paid a full commission — their commissions must be split with Rainmaker according to the Team Agreement signed at the time of induction to the team" (emphasis added). However, it was uncontested that plaintiff had never been presented with or signed a "Team Agreement." The Contract included a merger provision, which provided that no change, amendment or waiver of any provision thereof would be binding unless signed by both the agent and the licensee, and a severability provision, which stated that, if any provision of the Contract was found to be void or unenforceable, that "finding will have no effect on any other provision of this [Contract], and all other provisions will remain in full force and effect." Following the trial, the District Court implicitly credited DeVito's testimony as to the meaning of the word "split" in Rider A to the Contract according to the Team Agreement, and awarded plaintiff the principal sum of $2,496: half of 64% of a 2% gross commission. Plaintiff appeals from the judgment on the ground of inadequacy.
In a small claims action, our review is limited to a determination of whether "substantial justice has . . . been done between the parties according to the rules and principles of substantive law" (UDCA 1807; see UDCA 1804; Ross v Friedman, 269 AD2d 584 [2000]; Williams v Roper, 269 AD2d 125 [2000]). Furthermore, the determination of a trier of fact as to issues of credibility is given substantial deference, as a trial court's opportunity to observe and evaluate the testimony and demeanor of the witnesses affords it a better perspective from which to assess their credibility (see Vizzari v State of New York, 184 AD2d 564 [1992]; Kincade v Kincade, 178 AD2d 510, 511 [1991]). Even though this deference applies with greater force to judgments rendered in the Small Claims Part of the court (see Williams v Roper, 269 AD2d at 126), in reviewing a determination made after a nonjury trial, the power of this court is as broad as that of the trial court, and this court may render the judgment it finds warranted by the facts (see Christopher v Topakian, 77 Misc 3d 126[A], 2022 NY Slip Op 51101[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2022]; see also Northern Westchester Professional Park Assoc. v Town of Bedford, 60 NY2d 492, 499 [1983]).
The District Court erred in splitting in half the commission between plaintiff and DeVito based on the clause in the Contract. The Contract provided that the commission was to be "split . . . according to the Team Agreement signed at the time of induction to the team." This was the sole contractual basis for "splitting" the commission. Under the circumstances, since there was no signed Team Agreement, no effect could be given to the term "split," and we conclude that the court's award, which effectively "split" the net commission for the buyer's agent in half, failed to render substantial justice between the parties according to the rules and principles of substantive [*2]law (see UDCA 1804, 1807).
Under the Contract's severability clause, the remainder of the Contract remained enforceable. Thus, plaintiff is entitled to be paid $4,992. We note that such an award is compatible with the language of Rider A stating that "Listing and Buyers Agents cannot be paid a full commission," since plaintiff will receive only 64%, not 100%, of a 2% gross commission.
We reach no other issue.
Accordingly, the judgment is modified by increasing the award in favor of plaintiff to the principal sum of $4,992.
GARGUILO, P.J., DRISCOLL and GOLDBERG-VELAZQUEZ, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: November 7, 2024