Hinds v Adams Motors, Inc. (2025 NY Slip Op 51160(U))

[*1]

Hinds v Adams Motors, Inc.

2025 NY Slip Op 51160(U)

Decided on July 10, 2025

Appellate Term, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on July 10, 2025
SUPREME COURT, APPELLATE TERM, SECOND DEPARTMENT, 9th and 10th JUDICIAL DISTRICTS
PRESENT: : GRETCHEN WALSH, J.P., ELENA GOLDBERG-VELAZQUEZ, JOSEPH R. CONWAY, JJ

2024-862 N C

Chanene S. Hinds, Appellant,
against
Adams Motors, Inc., Respondent. 

Chanene S. Hinds, appellant pro se.
Adams Motors, Inc., respondent pro se (no brief filed).

Appeal from a judgment of the District Court of Nassau County, Second District (Madeleine C. Petrara-Perrin, J.), entered July 16, 2024. The judgment, after a nonjury trial, dismissed the action.

ORDERED that the judgment is affirmed, without costs.
In this small claims action, plaintiff seeks to recover the principal sum of $2,692.84, alleging that defendant used car dealer sold her an unsafe "lemon" and wrongfully compelled her to purchase a warranty. At a nonjury trial, it was established that, on January 16, 2024, plaintiff purchased a used vehicle from defendant. At the time of sale, the vehicle had 116,806 miles on the odometer. Although plaintiff testified that the brakes "locked" within three weeks of the time of sale, the repair bill she introduced into evidence showed that the vehicle was brought for repairs over a month after the purchase, at which time it had 119,107 miles on the odometer. Following the trial, the District Court (Madeleine C. Petrara-Perrin, J.) entered a judgment on July 16, 2024 dismissing the action.
In a small claims action, our review is limited to a determination of whether "substantial justice has . . . been done between the parties according to the rules and principles of substantive law" (UDCA 1807; see UDCA 1804; Ross v Friedman, 269 AD2d 584 [2000]; Williams v Roper, 269 AD2d 125 [2000]). Furthermore, the determination of a trier of fact as to issues of credibility is given substantial deference, as a trial court's opportunity to observe and evaluate the testimony and demeanor of the witnesses affords it a better perspective from which to assess their credibility (see Vizzari v State of New York, 184 AD2d 564 [1992]; Kincade v Kincade, 178 AD2d 510, 511 [1991]). This deference applies with greater force to judgments rendered in the Small Claims Part of the court (see Williams v Roper, 269 AD2d at 126).
Since it was undisputed that the car had in excess of 100,000 miles on its odometer, [*2]defendant was not subject to liability under the Used Car Lemon Law (see General Business Law § 198-b; see also Christopher v Topakian, 77 Misc 3d 126[A], 2022 NY Slip Op 51101[U], *1 [App Term, 2d Dept, 9th & 10th Jud Dists 2022]). While defendant implicitly warranted that the car was "in condition and repair to render satisfactory and adequate service upon the public highway at the time of delivery" (Vehicle and Traffic Law § 417), plaintiff failed to establish that, upon delivery, the vehicle was not in such condition, and thus failed to demonstrate her entitlement to a judgment under Vehicle and Traffic Law § 417 (see Christopher v Topakian, 2022 NY Slip Op 51101[U], *2; Smalls v Village Motors, Inc., 67 Misc 3d 133[A], 2020 NY Slip Op 50495[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2020]; Pinero v Puram, 49 Misc 3d 151[A], 2015 NY Slip Op 51755[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2015]). Additionally, plaintiff failed to establish that, at the time of the sale, the vehicle had any specific defects which rendered it unfit for the ordinary purposes for which it was intended to be used or otherwise constituted a breach of the implied warranty of merchantability (see UCC 2-314 [2]; see also Christopher v Topakian, 2022 NY Slip Op 51101[U], *2; Smalls v Village Motors, Inc., 2020 NY Slip Op 50495[U], *1). While plaintiff argues the she was wrongfully compelled by defendant to purchase a warranty for the vehicle, the retail installment contract plaintiff introduced into evidence, which plaintiff signed, expressly stated that the purchase of the warranty was voluntary. Thus, the evidence was inadequate to support a judgment in favor of plaintiff under any theory of liability. Consequently, the judgment dismissing the action provided the parties with substantial justice according to the rules and principles of substantive law (see UDCA 1804, 1807).
We do not reach plaintiff's contentions regarding any collateral consequences of the dismissal of this action.
Accordingly, the judgment is affirmed.
WALSH, J.P., and GOLDBERG-VELAZQUEZ, J., concur.
CONWAY, J., taking no part.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: July 10, 2025