Carlson v Universal Armor Sys. Corp.

2026 NY Slip Op 50788(U)

May 14, 2026

Appellate Term, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Digest-Index Classification: Accounts and Accounting—Account Stated--Legal Services

John Carlson, Esq., Appellant,

v

Universal Armor Systems Corp., Respondent.

Supreme Court, Appellate Term, Second Department, 9th And 10th Judicial Districts

Decided on May 14, 2026

2024-1084 N C

Present: : Timothy S. Driscoll, P.J., Joseph R. Conway, Maria S. Vazquez-Doles, JJ

John Carlson, appellant pro se.
John K. Moss, P.C. (John K. Moss of counsel), for respondent.

Appeal from an order of the District Court of Nassau County, Second District (Jaclene A. Agazarian, J.), dated August 14, 2024, and from a judgment of that court (Veronica Renta Irwin, J.) entered September 20, 2024. The order granted defendant's unopposed motion to vacate a default judgment entered July 16, 2024. The judgment, after a nonjury trial, dismissed the action.

[*1]

ORDERED that so much of the appeal as is from the order dated August 14, 2024 is dismissed, as no appeal lies from an order entered on the default of the appealing party; and it is further,

ORDERED that the judgment is reversed, without costs, and the matter is remitted to the District Court for the entry of a judgment in favor of plaintiff in the principal sum of $5,000 on his cause of action to recover on an account stated.

In this small claims action, plaintiff, an attorney, seeks to recover the principal sum of $5,000, alleging causes of action, in effect, for breach of contract and upon an account stated. Defendant failed to appear on the initial trial date and, following an inquest, on July 16, 2024, the District Court (Madeleine Petrara-Perrin, J.) entered a judgment in favor of plaintiff in the principal sum of $5,000. Defendant thereupon moved to vacate the default judgment. Plaintiff did not oppose defendant's motion, which the District Court (Jaclene A. Agazarian, J.) granted in an order dated August 14, 2024.

At the trial of the action, it was established that one Alfred Thacher, who was professionally affiliated with an entity known as ThacherVendig and who had worked closely with defendant's chief economic officer, Stephen Moran, had introduced plaintiff to Moran in September 2018. At the time, Moran was attempting to have defendant appointed to be the international agent for another company (Point Blank Enterprises). Plaintiff testified that he had initially agreed with Moran that he would assist defendant in achieving this end for a fee of $5,000, which was to be paid at the termination of his services. Plaintiff continued to work on that transaction, by reviewing, commenting on, and editing documents, including a nondisclosure [*2]agreement and an "international agent agreement," through April 2019, when the operative agreements between defendant and Point Blank Enterprises were signed. Plaintiff introduced into evidence a looseleaf binder which contains printouts of emails, agreements, invoices, and other correspondence, to demonstrate that he had performed extensive work for defendant. From the emails, it appears that plaintiff performed some of the work for defendant at Thacher's request, and some at Moran's direct request.

On December 1, 2022, plaintiff emailed an invoice for legal services to Moran, as the "Founder/CEO" of defendant. The invoice described the work plaintiff had performed and requested payment of plaintiff's $5,000 fee. Plaintiff followed that invoice with 13 additional invoices, following which he sent Moran a demand letter and then commenced this action.

Moran admitted receipt of the invoices and said that, upon receipt, he had forwarded the invoices to Thacher, who, he said, told him that "he would handle it." He did not claim ever to have made any objection to plaintiff respecting the invoices, which plaintiff had sent to him over a period of months beginning approximately 22 months before the trial; nor did he challenge the $5,000 valuation of plaintiff's work. Following the trial, the District Court (Veronica Renta Irwin, J.) entered a judgment on September 20, 2024 dismissing the action on the ground that liability had not been established.

The appeal from the August 14, 2024 order is dismissed, as the right of direct appeal therefrom terminated with the entry of the September 20, 2024 judgment (see Matter of Aho, 39 NY2d 241, 248 [1976]). Moreover, in any event, no appeal lies from the August 14, 2024 order entered upon the default of the appealing party (see CPLR 5511); nor does an appeal from the subsequent judgment bring up for review such order granting defendant's motion since, by failing to oppose the motion, plaintiff is deemed not to be aggrieved thereby (see generally Proano v Gutman, 211 AD3d 978, 980 [2022]).

In a small claims action, our review is limited to a determination of whether "substantial justice has . . . been done between the parties according to the rules and principles of substantive law" (UDCA 1807; see UDCA 1804; Ross v Friedman, 269 AD2d 584 [2000]; Williams v Roper, 269 AD2d 125 [2000]). Furthermore, the determination of a trier of fact as to issues of credibility is given substantial deference, as a trial court's opportunity to observe and evaluate the testimony and demeanor of the witnesses affords it a better perspective from which to assess their credibility (see Vizzari v State of New York, 184 AD2d 564 [1992]; Kincade v Kincade, 178 AD2d 510 [1991]). This deference applies with greater force to judgments rendered in the Small Claims Part of the court (see Williams v Roper, 269 AD2d at 126). However, in reviewing a determination made after a nonjury trial, the power of this court is as broad as that of the trial court, and this court may render the judgment it finds warranted by the facts (see Maultsby v Potapova, 86 Misc 3d 132[A], 2025 NY Slip Op 51140[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2025]; Christopher v Topakian, 77 Misc 3d 126[A], 2022 NY Slip Op 51101[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2022]; see also Northern Westchester Professional Park Assoc. v Town of Bedford, 60 NY2d 492, 499 [1983]).

"An account stated is an agreement between parties, based upon their prior transactions, with respect to the correctness of the account items and the specific balance due. The agreement may be express or implied where a defendant retains bills without objecting to them within a reasonable period of time, or makes partial payment on the account. In [*3]order to establish a prima facie case to recover on an account stated, the plaintiff must establish that it submitted invoices and that the defendant received and retained the invoices without objection for an unreasonable period of time" (Law Offices of Tricia S. Lindsey, P. C. v Swain, 87 Misc 3d 22, 26 [App Term, 2d Dept, 9th & 10th Jud Dists 2025] [internal quotation marks and citations omitted]; see D & N Lending, LLC v Tachlis Corp., 221 AD3d 954, 955 [2023]; Clean Earth of N. Jersey, Inc. v Northcoast Maintenance Corp., 142 AD3d 1032, 1035 [2016]).

A defendant's retention of invoices without objecting to them within a reasonable period of time is sufficient to establish the defendant's implied agreement as to the correctness of the account items and the specific balance due (see Citibank [S.D.] N.A. v Cutler, 112 AD3d 573, 574 [2013]), which implied agreement is independent of the underlying obligation between the parties (see Holtzman v Griffith, 162 AD3d 874, 875-876 [2018]; see also Citibank (South Dakota) N.A. v Abraham, 138 AD3d 1053, 1056 [2016]). Since it was undisputed that defendant had received plaintiff's invoices and retained them for nearly two years without ever informing plaintiff of any objection, plaintiff made out a prima facie case on his cause of action on an account stated.

Defendant bore the burden of proof on its affirmative defense (see Block v Breindel, 5 AD2d 1007, 1008 [1958]). The gist of defendant's defense was that Thacher, rather than defendant, was responsible for the payment of plaintiff's fee, and was thus the real party in interest (see Brignoli v Balch, Hardy & Scheinman, 178 AD2d 290, 290-291 [1991]), so that there was no express or implied agreement for defendant to pay for plaintiff's services and plaintiff had no basis to invoice defendant (see Ross v Sherman, 57 AD3d 758, 759 [2008]; see also Palisades Cleaning Servs., Inc. v Bagatelle Little W. 12th, LLC, 245 AD3d 953 [2026]). Since defendant failed to provide any proof that Thacher, rather than defendant, was responsible for the payment of plaintiff's fee, and failed to prove any other defense to plaintiff's invoice, we conclude that plaintiff established his entitlement to recover on his cause of action based on an account stated and that the dismissal of the action failed to render substantial justice between the parties (see UDCA 1804, 1807).

We reach no other issue.

Accordingly, the judgment is reversed and the matter is remitted to the District Court for the entry of a judgment in favor of plaintiff in the principal sum of $5,000 on his cause of action to recover on an account stated.

DRISCOLL, P.J. and VAZQUEZ-DOLES, J., concur.

CONWAY, J., taking no part.

ENTER:

Jennifer Chan

Chief Clerk

Decision Date: May 14, 2026